IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FILED

NOV 17 2010

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, CARLOS AVALOS, JESUS BRUNO,
COLT CAMPREDON, STEPHEN FOSTER, BYRON
GREER, KELLY HAFER, DENNIS JEWELL,
STEPHEN MUELLER, VITO PACHECO, JOHN
RYDQUIST, KEVIN STANGER, RONALD
BJERKLUND, ADANROLANDO GARCIA, BRIAN
HEDIN, LEWIS MARTIN, CHARLES SEAMON,
RANDY KEIPER, MATT KUHNEL, DENNIS
ROSGEN, AARON ST. CLAIR, KEVIN WILSON,
JASON BLAIN, JAMES BORJA, DEVIN FIELDS,
LESLIE ING, RICHARD LAWRENCE, JAY
LOUISIANA, JAMES McGOWAN, and DONALD
YEARGIN,

        Plaintiffs,

                                                  CV 09-632-PK

                                                  OPINION AND
v.                                               ORDER

KBR, INC., KELLOGG, BROWN & ROOT SERVICE,
INC., KBR TECHNICAL SERVICES, INC.,
OVERSEAS ADMINISTRATION SERVICES, LTD.,
SERVICE EMPLOYEES INTERNATIONAL, INC.,
HALLIBURTON COMPANY and HALLIBURTON
ENERGY SERVICES, INC.,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiffs Rocky Bixby, Lawrence Roberta, Scott Ashby, Charles Ellis, and Matthew

Page 1 - OPINION AND ORDER

Hadley filed this action against defendants KBR, Inc., Kellogg, Brown & Root Service, Inc., KBR Technical Services, Inc., Overseas Administration Services, Ltd., and Service Employees International, Inc. (collectively, the "KBR defendants"), on June 8, 2009. On September 8, 2009, plaintiffs amended their complaint, adding Carlos Avalos, Jesus Bruno, Colt Campredon, Stephen Foster, Byron Greer, Kelly Hafer, Dennis Jewell, Stephen Mueller, Vito Pacheco, John Rydquist, and Kevin Stanger as additional plaintiffs. Plaintiffs amended their pleading a second time on February 2, 2010, adding Ronald Bjerklund, Adanrolando Garcia, Brian Hedin, Lewis Martin, and Charles Seamon as additional plaintiffs. On June 25, 2010, plaintiffs amended their complaint a third time, adding Randy Keiper, Matt Kuhnel, Dennis Rosgen, Aaron St. Clair, and Kevin Wilson as further additional plaintiffs. On October 27, 2010, plaintiffs amended their complaint a fourth time, adding Jason Blain, James Borja, Devin Fields, Leslie Ing, Richard Lawrence, Jay Louisiana, James McGowan, and Donald Yeargin as further additional plaintiffs, and adding Halliburton Company and Halliburton Energy Services, Inc., as additional defendants. In their fourth amended complaint, plaintiffs allege defendants' liability for negligence and for fraud arising out of plaintiffs' exposure to sodium dichromate and subsequent hexavalent chromium poisoning while stationed as Oregon National Guardsmen in Iraq and assigned to duty at the Qarmat Ali water plant in May-September 2003.

Now before the court is plaintiffs' motion (#105) to compel production of a document prepared by defense counsel and used by at least two of defendants' employees in preparing for their depositions by plaintiffs' counsel, and to compel the reconvened depositions of three of defendants' employees in Houston, TX, USA, rather than in Doha, Qatar, where they were previously deposed. I have considered the motion, oral argument on behalf of the parties, and all

Page 2 - OPINION AND ORDER

of the pleadings on file. For the reasons set forth below, the motion is granted in part and denied in part as discussed below.

## LEGAL STANDARDS

A party's entitlement to inspect a document used by a witness to prepare for deposition is governed by Federal Evidence Rule 612, which provides as follows:

> Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either--
>
>     (1)    while testifying, or
>
>     (2)    before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

Fed. R. Evid. 612.

## MATERIAL FACTS

Plaintiffs deposed William Van Ostrand for approximately five hours on September 24, 2010, in Doha, Qatar. Ostrand testified that he was a Health, Safety, Environment manager for KBR based in Kuwait City, Kuwait in 2003. He further testified that he reviewed a timeline prepared by defendants' counsel in preparing for his deposition. He described the timeline as

Page 3 - OPINION AND ORDER

being a couple of pages long, and as constituting a "timeline of events" at Qarmat Ali. He characterized his use of the document in preparing for his deposition as follows:

> Q. And this timeline that you reviewed; you were given it by the lawyers?
>
> A. Yes.
>
> Q. And you were given it to get ready to testify today?
>
> A. Correct.
>
> Q. Did you know those dates before you looked at this timeline that was drafted by the lawyers for KBR before today?
>
> A. Not all of them; no.
>
> Q. So this was kind of something you looked at to get the dates in your mind, that was drafted by KBR's lawyers?
>
> A. Correct.

Ostrand Depo., 13:11-24.[1] In the course of Ostrand's deposition, counsel for plaintiffs requested production of the timeline document, and counsel for defendants refused to produce it on grounds of attorney-client privilege and work-product doctrine.

Plaintiffs deposed James Badgett for approximately six hours on September 27, 2010, in Doha, Qatar. Badgett testified that he was a deputy program manager for Project RIO based in Kuwait and Iraq in 2003. He further testified that he reviewed a timeline prepared by defendants'

---

[1] Ostrand went on to testify that after refreshing his recollection by reviewing the timeline document, he was able to testify without further reference to it:

> Q. So, when you talk about dates and times, are you just going back to this timeline that you were given by KBR's lawyers?
>
> A. No.

Ostrand Depo., 13:25 - 14:3.

Page 4 - OPINION AND ORDER

counsel in preparing for his deposition, as well as other documents, emails, and reports to and from the Army Corps of Engineers that he characterized as "background to the timeline." He further testified that he spent approximately six hours in preparation for his deposition. However, he further testified that his testimony was provided on the basis of his own recollections of events and documents.

Plaintiffs deposed Charles Johnson for approximately two hours on September 28, 2010, in Doha, Qatar. Johnson testified that he was a deputy program manager for the "southern fields" in connection with Project RIO in 2003. He further testified that he spent five to six hours preparing for his deposition. When asked by plaintiffs' counsel whether he reviewed a timeline drafted by counsel for defendants, counsel for defendants instructed him not to reply, although he conceded that he reviewed at least one document that was not contemporaneously drafted before receiving the instruction not to reply. He was further instructed not to answer questions regarding the authorship of the non-contemporaneous document.

All three of the deponents maintain permanent residences in the Houston, TX, area, and all three regularly or semi-regularly travel to Houston. Specifically, Ostrand spends two out of every ten weeks in Houston on leave from his posting to Qatar, Badgett generally returns to Houston from Qatar approximately once annually, and Johnson generally returns to Houston twice annually, for two weeks at a time.

## ANALYSIS

The timeline document was clearly prepared in anticipation of litigation or for trial by defendants' counsel. As such, it is work-product which, pursuant to Federal Civil Procedure Rule 26(b)(3)(A), is ordinarily not subject to discovery. *See, e.g., Hickman v. Taylor*, 329 U.S.

Page 5 - OPINION AND ORDER

495, 510 (1947). Here, however, the document was provided to Ostrand and to Badgett, and likely also to Johnson, in order to assist them in preparing for their depositions, and Ostrand specifically testified that the timeline refreshed his recollection of at least some dates and events.

Several courts have expressly held that use of a document to refresh a witness's memory acts as a waiver of work-product protection. *See, e.g., United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 566 (D. Cal. 2003) ("use of [a] document to refresh [a witness's] recollection prior to testifying during . . . deposition amounts to a limited waiver of work product protection, and production of the [document so used] is warranted"); *Sperling v. City of Kennesaw Police Dep't*, 202 F.R.D. 325, 329 (N.D. Ga. 2001) (plaintiff's use of a document during deposition to refresh her memory waived work product protection as to that document and entitled the defendant to its production under Rule 612); *Nutramax Laboratories, Inc. v. Twin Laboratories Inc.*, 183 F.R.D. 458, 472 (D. Md. 1998) (deponent's review of documents prior to his deposition to refresh his recollection "constituted a testimonial use of these documents" under Rule 612, and "resulted in a limited, implied waiver of the attorney work product doctrine as to them"); *Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC*, Case No. 08cv1559, 2010 U.S. Dist. LEXIS 104096, *10-17 (D. Cal. September 29, 2010) (otherwise privileged documents discoverable because they were relied upon to refresh witness recollection). Under the plain language of Rule 612, therefore, plaintiffs are entitled to inspect the timeline for the purposes contemplated in the Rule if a witness used it to refresh his recollection in preparation for giving testimony, and the court determines that production is necessary in the interests of justice. *See* Fed. R. Evid. 612.

Because Ostrand specifically testified that his review of the timeline in preparation for his

Page 6 - OPINION AND ORDER

deposition refreshed his recollection as to at least some dates and events, the first two prongs of the Rule 612 discoverability test – that the document was used to refresh a witness's recollection, and that it was so used in preparation for providing testimony – are clearly satisfied. Moreover, both because plaintiffs will be unable effectively to cross-examine the deponents concerning the basis for their testimony as to certain dates and events absent an opportunity to inspect the timeline and because of the risk that the deponents' recollections may have been influenced by the manner in which dates and events were presented in or selected for the timeline, it is necessary in the interests of justice to permit plaintiffs to inspect the timeline. Ostrand's use of the timeline therefore constituted a limited waiver of work-product protection in the timeline, and plaintiffs are entitled to its production.

Defendants are therefore ordered to produce the timeline document relied upon by Ostrand in preparation for his deposition within eleven days of the date hereof. However, because it is not yet clear that, following inspection of the timeline, plaintiffs will determine that the depositions of any or all of the three deponents must be reconvened, I decline at this time to enter any order regarding the location at which the deponents should be produced for reconvened depositions, and on that basis deny plaintiffs' motion to the extent plaintiffs request an order compelling production of the deponents in Houston. In the event the parties are unable to resolve

///

///

///

///

///

Page 7 - OPINION AND ORDER

any disputes over the location for the reconvened depositions, if any, plaintiffs may refile their motion for such an order at that time.

## CONCLUSION

For the reasons set forth above, defendants' motion (#105) to compel is granted in part and denied in part as discussed above.

Dated this 17th day of November, 2010.

Honorable Paul Papak
United States Magistrate Judge

Page 8 - OPINION AND ORDER