IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FILED

MAR 31 2011

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, CARLOS AVALOS, JESUS BRUNO,
COLT CAMPREDON, STEPHEN FOSTER, BYRON
GREER, KELLY HAFER, DENNIS JEWELL,
STEPHEN MUELLER, VITO PACHECO, JOHN
RYDQUIST, KEVIN STANGER, RONALD
BJERKLUND, ADANROLANDO GARCIA, BRIAN
HEDIN, LEWIS MARTIN, CHARLES SEAMON,
RANDY KEIPER, MATT KUHNEL, DENNIS
ROSGEN, AARON ST. CLAIR, KEVIN WILSON,
JASON BLAIN, JAMES BORJA, DEVIN FIELDS,
LESLIE ING, RICHARD LAWRENCE, JAY
LOUISIANA, JAMES McGOWAN, DONALD
YEARGIN, JASON ARNOLD, DANIEL GROVER,
CHRISTOPHER WANGELIN, and MICHAEL
O'RIELLY,

       Plaintiffs,

                                                                   CV 09-632-PK

                                                                   OPINION AND

v.                                                                 ORDER

KBR, INC., KELLOGG, BROWN & ROOT SERVICE,
INC., KBR TECHNICAL SERVICES, INC.,
OVERSEAS ADMINISTRATION SERVICES, LTD.,
SERVICE EMPLOYEES INTERNATIONAL, INC.,
HALLIBURTON COMPANY and HALLIBURTON
ENERGY SERVICES, INC.,

       Defendants.

PAPAK, Magistrate Judge:

       Plaintiffs Rocky Bixby, Lawrence Roberta, Scott Ashby, Charles Ellis, and Matthew

Page 1 - OPINION AND ORDER

Hadley filed this action against defendants KBR, Inc., Kellogg, Brown & Root Service, Inc., KBR Technical Services, Inc., Overseas Administration Services, Ltd., and Service Employees International, Inc. (collectively, the "KBR defendants"), on June 8, 2009. On September 8, 2009, plaintiffs amended their complaint, adding Carlos Avalos, Jesus Bruno, Colt Campredon, Stephen Foster, Byron Greer, Kelly Hafer, Dennis Jewell, Stephen Mueller, Vito Pacheco, John Rydquist, and Kevin Stanger as additional plaintiffs. Plaintiffs amended their pleading a second time on February 2, 2010, adding Ronald Bjerklund, Adanrolando Garcia, Brian Hedin, Lewis Martin, and Charles Seamon as additional plaintiffs. On June 25, 2010, plaintiffs amended their complaint a third time, adding Randy Keiper, Matt Kuhnel, Dennis Rosgen, Aaron St. Clair, and Kevin Wilson as further additional plaintiffs. On October 27, 2010, plaintiffs amended their complaint a fourth time, adding Jason Blain, James Borja, Devin Fields, Leslie Ing, Richard Lawrence, Jay Louisiana, James McGowan, and Donald Yeargin as further additional plaintiffs, and adding Halliburton Company and Halliburton Energy Services, Inc. (collectively, the "Halliburton defendants"), as additional defendants. Plaintiffs amended their complaint a fifth time on January 10, 2011, adding as additional plaintiffs Jason Arnold, Thomas Barella, Daniel Grover, Christopher Wangelin, and Michael O'Rielly. Plaintiffs voluntarily dismissed Thomas Barella as a plaintiff in this action on the following day, January 11, 2011. In their fifth amended complaint, plaintiffs allege defendants' liability for negligence and for fraud arising out of plaintiffs' exposure to sodium dichromate and subsequent hexavalent chromium poisoning while stationed as Oregon National Guardsmen in Iraq and assigned to duty at the Qarmat Ali water plant in May-September 2003.

Now before the court are plaintiffs' motion (#149) for leave to use in this action

Page 2 - OPINION AND ORDER

depositions taken in connection with a prior arbitral proceeding, plaintiffs' motion (#154) for this court's order that a document (the "chronology document") prepared by counsel for defendants and containing a chronology of events relevant to plaintiffs' claims in this action is not properly designated as "Subject to Protective Order" for purposes of the parties' Stipulated Protective Order (#29), and defendants' motion (#161) for a protective order to limit plaintiffs' use of the chronology document. I have considered the motions, telephonic oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, plaintiffs' motion for leave to use prior deposition testimony is denied with leave to refile, plaintiffs' motion for an order declaring that the chronology document is not subject to the protections of the parties' Stipulated Protective Order is granted, and defendants' motion for a protective order to limit plaintiffs' use of the chronology document is denied.

## I. Present Use of Depositions Taken in Prior Proceedings

In connection with a now-closed arbitral proceeding (*Langford* et al. *v. Halliburton Company* et al., 70-480-649-05) brought against respondents Halliburton Company (then doing business as Kellogg, Brown, and Root) and KBR Technical Services, Inc., by a group of the respondents' employees, the depositions of Charles Adams, Johnny Morney, Robert Conte, Suhir Desai, Douglas Fletcher, Herb Myers, and William Bedman were taken between April 2008 and October 2008. Counsel for the respondents, who also serve as counsel for the defendants in this action, were present at all of the depositions, and cross-examined some or all of the deponents on the record. Plaintiffs now move for leave to use the deposition testimony of Adams, Morney, Conte, Desai, Fletcher, Myers, and Bedman in this action.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial

or hearing, offered in evidence to prove the truth of the matter asserted." Fed R. Evid. 801(c). "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. The *Langford* depositions constitute statements made out of court, and therefore can be admitted as evidence in this action only if they can be shown to fall within an applicable hearsay exception, or if they are otherwise admissible under applicable rules. Plaintiffs offer three alternative theories of admissibility: that the depositions are admissible pursuant to Federal Civil Procedure Rule 32(a)(8) as depositions lawfully taken under substantially similar circumstances, that the depositions are admissible pursuant to Federal Evidence Rule 807 as having circumstantial guarantees of trustworthiness equivalent to those underlying the statutory exceptions to the hearsay rule, and that four of the seven depositions are admissible pursuant to Federal Evidence Rule 801(d)(2) against some or all defendants as non-hearsay admissions of a party-opponent.

Rule 32(a)(8) provides that:

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a)(8).[1]

Acknowledging that the purpose underlying Rule 32(a)(8) is to "save the time, effort, and money of litigants," and to promote "efficiency at trial without jeopardizing accurate fact finding," the federal courts have tended to construe "liberally" the rule's requirements that the

---

[1] There is no suggestion here that the *Langford* depositions were subject to any state or federal filing requirement.

Page 4 - OPINION AND ORDER

prior and current proceedings share the "same" subject matter and "same" parties. *Hub v. Sun Valley Co.*, 682 F.2d 776, 777-778, 778 (9th Cir. 1982). The *Hub* court noted that, rather than requiring identity of issues and parties, the "accepted inquiry" for most courts "focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." *Id.* at 778. "Consequently, courts have required only a substantial identity of issues. . . and the presence [in the prior proceeding] of an adversary with the same motive [as the party against whom the prior deposition would be offered in the present proceeding] to cross-examine the deponent. . . ." *Id.* (citations omitted). The *Hub* court adopted this reasoning as its own, ruling that, despite the plain language of the rule, Rule 32(a)(8) does not require that the prior and current proceedings involve identical issues or parties. *Id.* The court nevertheless elected to leave open the question whether the presence of an adversary with the same motive to cross-examine is sufficient to satisfy the rule's "same parties" requirement.[2]

The *Langford* claimants had all been assigned, in the course of their duties as employees of the respondents, to the Qarmat Ali water plant. In support of their claims against the respondents, the *Langford* claimants (like the plaintiffs in this action) alleged that they were exposed to sodium dichromate while at the Qarmat Ali site, and in consequence experienced hexavalent chromium poisoning. There are therefore at least broad similarities between the issues raised in the *Langford* proceedings and those raised in this action. However, the parties have provided the court with no information as to the content of the depositions themselves, and

---

[2] Other courts have opined that "the presence of an adversary with the same motive to cross-examine the deponent [constitutes] a *well-recognized exception* to the rule" requiring identical parties before a prior deposition may be admitted in current proceedings. *Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970) (emphasis supplied; citations omitted).

Page 5 - OPINION AND ORDER

I am therefore unable to conclude on the basis of the record before me that the *Langford* depositions related to issues common to both proceedings.

I am similarly unable to conclude on the basis of the current evidentiary record that the *Langford* respondents had the same motive to cross-examine the *Langford* deponents as the defendants in this action. While identity of motive is suggested by the facts that the *Langford* respondents are all defendants in this action, that the *Langford* depositions were defended by counsel for defendants in this action, and by the close corporate relationships of the defendants in this action who were not *Langford* respondents to those who were, the parties have offered no evidence, and very little argument, bearing on the questions whether motive to cross-examine may depend in part on procedural rules that differ between arbitral and judicial proceedings or on issues relating to venue and witness availability, or whether the cross-examinations of the *Langford* deponents were, in fact, demonstrably inadequate. Further, none of the parties address or provide evidence bearing on the nature of the corporate relationships among the defendants, either to suggest that admission of the documents should be limited to certain, specified defendants or applicable equally to all defendants.

Because plaintiffs have not met their burden under Rule 32(a)(8) and under *Hub* to show that the *Langford* depositions related to matters common to both the prior and the current proceedings or to show that the *Langford* respondents had the same motive to cross-examine as would the defendants in this action, their motion is denied to the extent premised on Rule 32(a)(8).

Plaintiffs alternatively seek to rely upon the so-called "catch-all" or "residual" exception to the hearsay rule, codified at Federal Evidence Rule 807. Rule 807 provides as follows:

Page 6 - OPINION AND ORDER

> A statement not specifically covered by Rule 803 or 804 [which set forth specific exceptions to the hearsay rule] but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807. Plaintiffs argue that, as formal depositions taken under oath with an opportunity for cross-examination by the same attorneys who represent defendants in this action, the *Langford* depositions have circumstantial guarantees of trustworthiness equivalent to the statutory hearsay exceptions. However, as noted above, the parties have not offered sufficient evidence to permit the conclusion that, in arbitral proceedings taking place within the venue of the deponents' residence, the *Langford* respondents had the same motive to cross-examine as the defendants in this action. Moreover, plaintiffs have failed to offer evidence or argument that any particular *Langford* deponent's testimony would be more probative on any point for which it might be offered that any other reasonably procurable evidence. I therefore cannot conclude on the basis of the current evidentiary record that the depositions could be admitted in this action under the residual exception to the hearsay rule. Plaintiffs' motion is therefore denied to the extent premised on Rule 807.

Finally, plaintiffs alternatively seek admission of a subset of the *Langford* depositions as admissions of a party-opponent. As noted above, four of the seven *Langford* deponents – specifically, Adams, Morney, Myers, and Bedman – were employed by one of the defendants in

Page 7 - OPINION AND ORDER

this action at the time they were deposed in *Langford*. Under the Federal Rules of Evidence:

> A statement is not hearsay if--
>
> * * *
>
> ...The statement is offered against a party and is
>
> * * *
>
>> (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship....

Fed. R. Evid. 801(d)(2). Plaintiffs argue that the Adams, Morney, Myers, and Bedman depositions constitute admissions of a party-opponent, and on that basis request a ruling that these depositions are admissible as against *all* defendants. However, while plaintiffs appear to be correct that the Adams, Morney, Myers, and Bedman depositions may contain admissible admissions, under Rule 801(d)(2)(D) each deposition loses its hearsay character only to the extent offered against the deponent's employer, and remains hearsay to the extent it may be offered against any other defendant. It is by no means clear to me that the problems that would be raised by admitting the depositions only as to certain defendants could be cured by limiting instructions, and in the absence of any evidence as to the substance of the *Langford* depositions, it is impossible for me to determine to what degree limited admission of the depositions could be prejudicial to the non-employer defendants. I therefore decline at this stage of these proceedings to admit any of the *Langford* depositions pursuant to Rule 801(d)(2).

For the foregoing reasons, plaintiffs' motion for leave to use the *Langford* depositions in this action is denied. Plaintiffs shall have leave to refile their motion in the event they are able to cure some or all of the evidentiary deficiencies discussed above.

Page 8 - OPINION AND ORDER

## II. The Chronology Document

Effective December 21, 2009, the parties to this action agreed to a Stipulated Protective Order which provides that certain documents produced in discovery in this action "may be shown, disseminated, or disclosed" only to specified persons and only for purposes of this litigation. By its terms, the protections offered by the Stipulated Protective Order apply only to discovery documents "that contain confidential information, including any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copies thereof."

The Stipulated Protective Order creates a procedural framework whereby a party producing documents in discovery may designate specified documents as "Subject to Protective Order." Prior to so designating any such documents, the order requires the designating party to:

> make a bona fide determination that the documents include information the disclosure of which would, in the good faith belief of the Designating Party, result in the disclosure of the Designating Party's proprietary, business, technical, [or] trade secret information, information regarding the security and protection of the operations in Iraq and/or Kuwait, or other confidential research, development, or commercial information or private information which is otherwise protected from disclosure as provided under Rule 26(c) of the Federal Rules of Civil Procedure or other applicable laws, including, but not limited to, personnel files, medical records and social security numbers. Other documents and information that may be designated as subject to th[e] Protective order are documents and information provided by the United States Government with the understanding that such documents, including "unclassified" documents, be used only in litigation.

In the event an opposing party disagrees with any such designation, the parties agree that they will "take reasonable steps to meet and confer in good faith to resolve any [such] dispute on an informal basis. . . ." If, after not less than ten days of such informal resolution efforts, the parties are unable to resolve their dispute, the objecting party may "apply to the Court for the purpose of determining whether the disputed documents are entitled to protection in accordance with th[e]

Page 9 - OPINION AND ORDER

Protective Order or the applicable Rules of Civil Procedure."

In or around November 2010, plaintiffs in this action deposed three witnesses who were or had been employed by one or more of the KBR defendants in Doha, Qatar. In the course of taking these depositions, plaintiffs learned that some or all of the witnesses had relied at least in part on a document (the chronology document) prepared by defendants' counsel in connection with this action – specifically, a short chronology of relevant events – in preparing for their depositions. At least one of the witnesses expressly testified to having used the chronology document to refresh his recollection of those events. Plaintiffs promptly requested production of the chronology document. The KBR defendants refused plaintiffs' request, and plaintiffs moved for an order to compel the document's production. On November 17, 2010, I granted plaintiffs' motion and ordered defendants to produce the chronology document, ruling that the KBR defendants' use of the document to refresh one or more witnesses' recollection constituted a "limited waiver" of the otherwise applicable protections of the work-product doctrine.[3]

Defendants subsequently produced the chronology document to the plaintiffs, labeled with Bates numbers MCM 051880-051886 and bearing the "Subject to Protective Order" designation. Plaintiffs challenge that designation, and, having been unsuccessful in resolving the dispute informally, now seek this court's order that the chronology document is not subject to the protections of the Stipulated Protective Order. Defendants, for their part, seek this court's order that, to the contrary, the chronology document is properly subject to the protections of the Stipulated Protective Order and, in the alternative, move that the court issue a new protective

---

[3] Documents prepared by a party or that party's counsel in anticipation of litigation or for trial constitute work product not ordinarily subject to discovery. *See* Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Page 10 - OPINION AND ORDER

order to limit plaintiffs' use of the chronology document.

### A. Designation of the Chronology Document as "Subject to Protective Order"

As noted above, a document may only be subject to the protections of the Sipulated Protective Order if it contains "confidential information, including any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copies thereof." Analysis of the chronology document (and of the documents that underlie the summary chronology it contains) establishes that the chronology document does not contain confidential information of the kind described in the Stipulated Protective Order as requisite to a proper "Subject to Protective Order" designation. In consequence, I find that the chronology document (MCM 051880-051886) is not properly designated as "Subject to Protective Order" and is not subject to the protections of the Stipulated Protective Order. Plaintiff's motion for an order declaring that the chronology document is not subject to the protections of the parties' Stipulated Protective Order is therefore granted.

### B. Protective Order to Limit Plaintiffs' Use of the Chronology Document

Pursuant to Federal Civil Procedure Rule 26(c), a court may for "good cause" issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). To obtain such a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Generally, a party seeking a protective order must meet a "heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.

Page 11 - OPINION AND ORDER

1975).

Defendants request an order to prevent plaintiffs from using the chronology document "for any purpose other than cross-examining deponents who reviewed [it] before their depositions, and that prevents plaintiffs from disclosing [it] to parties outside of this litigation." In support of their motion, defendants argue that good cause exists to limit plaintiffs' use of the chronology document because the chronology document is attorney work product produced in this action pursuant to defendants' "limited waiver" of work-product protections.

As a preliminary matter, defendants correctly characterize the chronology document as attorney work product and as remaining subject to the protections of the work-product doctrine except to the extent waived by their use of the document to refresh the recollection of certain deponents. Under the limited waiver occasioned by defendants' use of the chronology document to refresh the recollection of certain witnesses, plaintiffs were and are entitled to inspect the document and to depose the witnesses who reviewed it prior to their depositions regarding their reliance upon it; plaintiffs may also be entitled under the limited waiver to use the chronology document for other, additional purposes over the course of this litigation. However, defendants' limited waiver of work-product protections in the chronology document does not extend to disclosing or disseminating the document to third-parties to this litigation, or to using the document for purposes unrelated to this action, as discussed on the record at telephonic oral argument of defendants' motion.

Because the chronology document is subject to the protections of the work-product doctrine, and because plaintiffs are barred by those protections from using the chronology document for purposes unrelated to this litigation and from disclosing or disseminating the

Page 12 - OPINION AND ORDER

document to third parties, defendants cannot meet their burden to demonstrate harm or prejudice in the event the requested protective order does not issue.[4] Defendants' motion for a protective order is therefore denied.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#149) for leave to use in this action depositions taken in connection with a prior arbitral proceeding is denied with leave to refile as discussed above, plaintiffs' motion (#154) for this court's order that the document bearing Bates numbers MCM 051880-051886 is not properly designated as "Subject to Protective Order" for purposes of the parties' Stipulated Protective Order is granted, and defendants' motion (#161) for a protective order to limit plaintiffs' use of the document bearing Bates numbers MCM 051880-051886 is denied.

Dated this 31st day of March, 2011.

_____
Honorable Paul Papak
United States Magistrate Judge

---

[4] Indeed, at telephonic oral argument of defendants' motion, counsel for defendants expressly acknowledged that, in light of my finding that the unwaived protections of the work-product doctrine were effective to prohibit plaintiffs from disclosing or disseminating the chronology document to third parties or from using the chronology document for purposes unrelated to this litigation, the requested protective order was not necessary to protect defendants' interests.

Page 13 - OPINION AND ORDER