IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, CARLOS AVALOS, JESUS BRUNO,
COLT CAMPREDON, STEPHEN FOSTER, BYRON
GREER, KELLY HAFER, DENNIS JEWELL,
STEPHEN MUELLER, VITO PACHECO, JOHN
RYDQUIST, KEVIN STANGER, RONALD
BJERKLUND, ADANROLANDO GARCIA, BRIAN
HEDIN, LEWIS MARTIN, CHARLES SEAMON,
RANDY KEIPER, MATT KUHNEL, DENNIS
ROSGEN, AARON ST. CLAIR, KEVIN WILSON,
JASON BLAIN, JAMES BORJA, DEVIN FIELDS,
LESLIE ING, RICHARD LAWRENCE, JAY
LOUISIANA, JAMES McGOWAN, DONALD
YEARGIN, JASON ARNOLD, CHRISTOPHER
WANGELIN, and MICHAEL O'RIELLY,

                  3:09-CV-632-PK

    Plaintiffs,

  v.                  OPINION & ORDER

KBR, INC., KELLOGG, BROWN & ROOT SERVICE,
INC., KBR TECHNICAL SERVICES, INC.,
OVERSEAS ADMINISTRATION SERVICES, LTD.,
SERVICE EMPLOYEES INTERNATIONAL, INC.,
HALLIBURTON COMPANY and HALLIBURTON
ENERGY SERVICES, INC.,

    Defendants.

1 - OPINION & ORDER

Amanda Halter
Jeffrey L. Raizner
Michael P. Doyle
Patrick Mason Dennis
DOYLE RAIZNER, LLP
One Houston Center
1221 McKinney
Suite 4100
Houston, TX 77010

    Attorneys for Plaintiffs

Randall Jones
SERPE JONES ANDREWS CALLENDER & BELL PLLC
Three Allen Center
333 Clay Street, Suite 3485
Houston, TX 77002

Raymond B. Biagini
Kurt Hamrock
Lora A. Brzezynski
MCKENNA LONG & ADLRIDGE LLP
1900 E. Street NW
Washington, DC 20006

Chanler A. Langham
Geoffrey L. Harrison
J. Hoke Peacock , III
Jordan W. Connors
SUSMAN GODFREY L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002

Jeffrey S. Eden
SCHWABE WILLIAMSON & WYATT, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204

    Attorneys for Defendants

2 - OPINION & ORDER

HERNANDEZ, District Judge:

The Honorable Paul Papak referred a Findings and Recommendation ("F & R") (doc. #192) to me on June 16, 2011. The F&R recommends that defendants Halliburton Company and Halliburton Energy Services, Inc.'s ("Halliburton Defendants") motion to dismiss for lack of personal jurisdiction (doc. #145) be granted and their motion to dismiss for lack of subject matter jurisdiction (doc. #172) be denied as moot.

## STANDARDS

The court is generally required to make a de novo determination of those portions of the Magistrate Judge's Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). For those portions of the Findings and Recommendation to which the parties do not object, the court is relieved of its obligation to review the record de novo as to those portions of the Findings and Recommendation. Reyna-Tapia, 328 F.3d at 1121. In performing its review, the district court may accept, reject, or modify, in whole or in part, the Findings and Recommendation, opt to receive further evidence, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## DISCUSSION

On June 30, 2011, co-defendants KBR, Inc., Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., Overseas Administration Services, Ltd., and Service Employees International, Inc. ("KBR Defendants") and the Halliburton Defendants (collectively, "Defendants") filed timely objections to the Magistrate Judge's F & R. Defendants do not object to the Magistrate Judge's legal recommendation that the Halliburton Defendants' motion to

dismiss for lack of personal jurisdiction be granted or that the Halliburton Defendants' motion to dismiss for lack of subject matter jurisdiction be denied as moot.  Defendants, however, object to certain facts in the "Underlying Facts" section of the F & R as irrelevant to the Magistrate Judge's determination granting the Halliburton Defendants' motion to dismiss for lack of personal jurisdiction.  Defendants do not cite with any particularity the facts to which they object in the F & R.  They, however, seek clarifying statements that the facts in the "Underlying Facts" section of the F & R are plaintiffs' version of the facts and are accepted as true for the sole purpose of deciding Halliburton's motion to dismiss for lack of personal jurisdiction.  Defendants contend that their request for clarification is proper because plaintiffs and parties in other cases may seek to portray the facts in the "Underlying Facts" section of the F & R on the merits, which they assert is inaccurate.

      Plaintiffs respond that further review of the Magistrate Judge's findings would prolong the life of this case, that Defendants' objections are not worthy of review, that it is not for this court to declare how other courts are to interpret the Magistrate Judge's findings, and that the editing changes sought by Defendants undermine the purpose of the review process.

      I have carefully considered Defendants' objections and conclude that they do not provide a basis to modify the F & R.  I have also reviewed the pertinent portions of the record <u>de novo</u> and find no error in the Magistrate Judge's F & R.  Defendants' objections do not affect and have no relevance to the Magistrate Judge's ultimate recommendation.  Furthermore, the facts to which Defendants object simply provide background to aid the reader in framing and understanding the dispute.  Accordingly, Defendants' objections are overruled.

**CONCLUSION**

For the reasons set forth above, this court adopts the Magistrate Judge's F & R (doc. #192). The Halliburton Defendants' motion to dismiss for lack of personal jurisdiction (doc. #145) is granted and their motion to dismiss for lack of subject matter jurisdiction (doc. #172) is denied as moot.

IT IS SO ORDERED.

Dated this  20th     day of July, 2011.

                                               /s/ Marco A. Hernandez
                                              Marco A. Hernandez
                                              United States District Judge