Geoffrey L. Harrison, admitted Pro Hac Vice
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7807; Fax: (713) 654-6666
Email: gharrison@susmangodfrey.com
    Attorney-in-Charge for KBR Defendants

Jeffrey S. Eden, OSB #851903
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981; Fax: (503) 796-2900
    Local Counsel for KBR Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROCKY BIXBY, et al,<br><br>    Plaintiffs,<br><br>vs.<br><br>KBR INC., et al.,<br><br>    Defendants. | Case No. 09-cv-632-PK<br><br>KBR's Reply in Support of Motion to Exclude and for FRCP 37(c)(1) Sanctions re Mr. Tarr's Tardy Rebuttal Report and Portions of Mr. Tarr's Affidavit<br><br>Oral Argument Requested |

2191328v1/012196

Plaintiffs violated FRCP 26(a)(2) by providing a tardy rebuttal report and tardy affidavit opinions from their expert Mr. Jim Tarr. Plaintiffs did not ask for or get an extension of time. Under the law of this case, under *Pickens*, and under controlling Ninth Circuit precedent on FRCP 37(c)(1) exclusion of tardy expert opinions, this Court should exclude Tarr's 7 weeks tardy December 28, 2011 report and should exclude portions of his 10 ½ weeks tardy January 20, 2012 affidavit that plaintiffs provided in connection with their motion to exclude testimony from defendants' air modeling expert Dr. Paolo Zannetti.

I.
Tarr's "Rebuttal" Report is Untimely under FRCP 26(a)

FRCP 26(a)(2)(D)(ii) provides that rebuttal reports are due "30 days after the other party's disclosure." Defendants' disclosed Zannetti on October 7, 2011 and served Zannetti's complete 66-page, 7-appendix report on the same day. Plaintiffs' rebuttal deadline was November 6, 2011. Plaintiffs did not serve Tarr's rebuttal report until December 28, 2011, which was 7 weeks too late. Plaintiffs did not serve Tarr's affidavit until January 20, 2012, which was 10 ½ weeks too late.

Despite the fact that defendants' October 7 disclosure of Zannetti's opinions was extremely detailed and comprehensive (as reflected in his 66-page, multiple appendix report), plaintiffs counter-factually say Zannetti's "opinions were not disclosed" until, they say, either November 28, 2011 (with production of input and output files for the AERMOD air model program) or, alternatively, January 9, 2012 (with production of an Excel spreadsheet used for calculating dust emission rates from the DUSTRAN module). Plaintiffs are wrong in their legally incorrect attempt to avoid FRCP 26(a)(2)(D)(ii)'s use of "disclosure" and focus instead on receipt of certain files.

Under FRCP 26(a)(2)(D)(ii), the touchstone for rebuttal report deadlines is "disclosure" of expert opinions – not production of work papers or files, and certainly not production of such files when they were not requested until after the FRCP's 30-day deadline already had expired. To that end, FRCP 26(a)(2)(D)(ii)'s 30-day deadline runs from "the other party's *disclosure*." Zannetti's opinions and basis were fully disclosed on October 7, 2011, in a detailed 66-page report with multiple appendices, and in compliance with FRCP 26(a) and this Court's scheduling order. Indeed, plaintiffs have not challenged the timeliness of Zannetti's October 7 report.

*In their opposition, plaintiffs ignore the fact that they did not even request the input/output files at issue until November 11,* **after** *Tarr's rebuttal deadline already had expired.* Plaintiffs did not cite any authority for their legally incorrect argument that receipt of such files somehow revives expired rebuttal deadlines under FRCP 26(a)(2)(D)(ii).[1] That is particularly true where, as here, the data and input/output files were and are *not part of Zannetti's opinions*; they are raw data and formulas for the air modeling.

Zannetti's October 7 report fully and properly disclosed Zannetti's complete expert opinions and the bases and reasons for them, in full compliance with FRCP 26(a)(2). Plaintiffs did not cite any authority for their self-serving attempt to reset the FRCP's clear 30-day rebuttal deadline based on plaintiffs' own untimely subsequent requests for, and receipt of, data and files. Such a role would render the FRCP's rebuttal deadline meaningless. Indeed, parties routinely request supporting work-papers, files, and documents from the other side's experts long after disclosures and reports have been provided (just as the parties have done in this case with

---

[1] Plaintiffs did not cite any supporting case law from this jurisdiction. Plaintiffs did incorrectly cite to *Powell v. Tosh*, 276 F.R.D. 553, 558 (W.D. Ky. 2011), for their purported proposition that a rebuttal report submitted after the 30-day deadline was considered "timely" by that Kentucky court. Wrong. The *Powell* court expressly called the rebuttal report a *"late filing,"* but, for reasons unique to that case and not applicable here, allowed it.

document requests and with expert deposition notices accompanied by such requests).

Further, plaintiffs are just plain wrong when they say Zannetti initially claimed to use the entire DUSTRAN computer model. Zannetti did *not* say he used it; Zannetti clearly explained in § 7 of his October 7 Report that he used formulas or equations taken from a module of the DUSTRAN model for calculating emission rates from wind erosion, and he explained in detail exactly how he used those equations. *See* X2 to Doc. No. 252 (Zannetti Report § 7.1 and App. G containing excerpt from DUSTRAN Users Guide for the dust emission module). Zannetti also explained that "to 'use' a model is not necessary to run the model software in a computer. If only a small set of equations of a model are needed (like in our case), it is perfectly legitimate to extract these equations from the modeling user's guide and 'use' these equations as we did . . . ." X1 to Doc. No. 277 (Zannetti Affidavit in Reply to Tarr ¶ 71); *see also id.* ¶¶ 29-33 (further explaining use of DUSTRAN dust emission module equations).

Plaintiffs also are wrong when they say that on November 28, 2011 "Defendants disclosed the Dustran 'model' that [Zannetti] actually used – an Excel spreadsheet, not an actual Dustran model." Defendants did *not* make any expert disclosures on November 28 – defendants timely produced raw air model input/output data files in response to plaintiffs' requests for production of documents. Plaintiffs also are wrong about their alternative date of January 9, 2012 when, they incorrectly say, defense counsel "disclosed that Zannetti did not use the Dustran model." Defense counsel's January 9 letter reiterated what Zannetti himself clearly and timely disclosed in the body of his October 7 report, as counsel's letter states: "There were no input or output files into or from any DUSTRAN program. In fact, *as the report noted*, Dr. Zannetti used formulas and variables from the printed DUSTRAN Users Guide (*attached as an exhibit at the end of his report*) as well as information specific to the soil in the area of interest as disclosed in

2191328v1/012196

3

his report." *See* X3 to Plaintiffs' Motion, Doc. No. 252.

II.

<u>Plaintiffs' Cannot Misuse FRCP 26(e)(2) to Avoid FRCP 26(a)(2)(D)(ii)'s Requirements</u>

By its terms, FRCP 26(e)(2) is a limited rule that imposes a "duty to supplement" information "in the report" or "given during the expert's deposition." FRCP 26(e) does *not* grant parties and experts a free pass, does *not* grant a right to expand or enlarge prior opinions, does *not* grant a right to do additional work and form additional opinions after the deadline, and does *not* undermine FRCP 26(a)(2)(D)(ii)'s requirement that rebuttal reports must be submitted within "30 days after the other party's disclosure." *See, e.g., Luke v. Family Care*, 2009 WL 886350, *1-2 (9th Cir. 2009) (Rule 26(e)(2) does *not* "create a loophole" for parties to revise disclosures).

Plaintiffs cannot rely upon FRCP 26(e) because Tarr's rebuttal report is, well, a rebuttal report. It is not a supplemental report under FRCP 26(e) and does not rely on any newly available evidence. ***Further, all 14 of the new "observations" in Tarr's rebuttal report could have been made timely by the November 6 rebuttal report deadline – none of the 14 observations referenced, related to, or relied upon the input/output files produced on November 28, 2011 and January 9, 2012.*** *See* KBR's Motion at 6; Zannetti Decl. ¶ 5.

The best plaintiffs can do is try to suggest that four paragraphs (¶¶ 12, 13, 35, 36) of Tarr's 10 ½-weeks-tardy January 20, 2012 affidavit do rely on the files. Even if they were right (they are not), that would only be an argument to allow those four paragraphs and nothing else – plaintiffs did not even *attempt* to argue for the timeliness of ¶¶ 3-4, 6, 7-11, 14-34, and 37 in Tarr's January 20, 2012 affidavit and the corresponding sections of the rebuttal report. But plaintiffs are wrong about the four paragraphs (¶¶ 12, 13, 35, 36) because none of them rely on or cite the input/output files produced on November 28, 2011 and January 9, 2012:

- ¶ 12 discusses Zannetti's use of the DUSTRAN model for calculating emission rates and opines that DUSTRAN has been shown to be reliable when combined with an air dispersion model called CALPUFF. This paragraph does not cite or rely on the input/output files.

- ¶ 13 discusses Zannetti's use of the AERMOD model for calculating air dispersion and opines (incorrectly) that it was unreliable for Zannetti to use AERMOD with DUSTRAN for calculating emission rates. It also says (incorrectly) that Zannetti failed to mention his use of AERMOD in his report. This paragraph does not cite or rely on the input/output files.

- ¶ 35 discusses Tarr's apparent confusion about how Zannetti used equations from the DUSTRAN model for calculating emission rates. (In fact, Zannetti's Report fully disclosed his methodology for using a module of the DUSTRAN model. *See* X2 to Doc. No. 252 (Zannetti Report § 7.1 and App. G containing excerpt from DUSTRAN Users Guide regarding the dust emission module)). Whatever the source of Tarr's confusion, this paragraph does not cite or rely on the input/output files.

- ¶ 36 contains Tarr's incorrect and misguided speculation about why Zannetti did not use the entire DUSTRAN computer program. This paragraph does not cite or rely on the input/output files.

*See* X1 to Plaintiffs' Opposition (1/20/12 Tarr Affidavit).

More fundamentally, plaintiffs' attempt now to recast Tarr's untimely December 28, 2011 rebuttal report as a FRCP 26(e) "supplemental" report is legally and factually inaccurate, and is more than a little disingenuous because plaintiffs themselves repeatedly and consistently have called it a "rebuttal" report, the report is titled "Tarr Rebuttal Report," and plaintiffs' email serving the report called it "Rebuttal Report of Jim Tarr.". *See, e.g.,* plaintiffs' emails re "rebuttal" report (Defendants' Motion at 3-5 & X6, X7, X10, X12). Plaintiffs did not cite a single case from this (or any) jurisdiction that supports their argument that FRCP 26(e)(2) can be used to trump FRCP 26(a)(2)(D)(ii)'s clear and specific 30-day deadline for rebuttal reports. Though, oddly, plaintiffs do cite *Durham v. County of Maui*, 2011 WL 2532423, *9 (D. Hawaii June 23, 2011), in which the Hawaii court *undermined* their argument and emphasized that "The duty to supplement does *not* provide the opportunity to add information that should have been

2191328v1/012196    5

initially provided under Rule 26(a)" and that "Rule 26(e) does *not* grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect." *Id.* Tarr's rebuttal report does *not* correct inaccuracies in his original report, does *not* fill gaps in his original work, and does *not* rely on or cite previously available information.

Tarr's rebuttal report and his affidavit are untimely under FRCP 26(a)(2)(D)(ii) and should be excluded.

### III.
### Plaintiffs' Explanation Fails and Tarr's Tardiness is Not "Substantially Justified"

Plaintiffs failed to show that their failure timely to disclose Tarr's rebuttal report was "substantially justified." *See, e.g., Pickens v. United States*, 750 F. Supp. 2d 1243, 1249 (D. Or. 2010). Plaintiffs only try to offer a "substantial justification" argument and "explanation" as to 4 paragraphs of Tarr's affidavit, and do not even try to justify or excuse the tardiness of any other paragraphs of the affidavit or report. As discussed above, plaintiffs are wrong about even those 4 paragraphs, and a review of the paragraphs proves it. If those 4 paragraphs (or anything else) truly relied on the data files at issue – they don't – then plaintiffs and Tarr should be able to (and have the burden to) identify specifically what and how. They did not do so. In fact, they did not even say or prove that Tarr even *opened* the files before drafting or completing the rebuttal report.

Plaintiffs string-cited the same six out-of-jurisdiction cases they cited in connection with the motion to exclude their multi-month tardy second report from Carson (a report that, unlike this one, they tried to call "supplemental"). Those supplementation cases did not support plaintiffs' position then, and support it even less now because Tarr's report is a rebuttal report, not a supplemental report. Rather than block copy KBR's prior briefing about these cases (as

2191328v1/012196    6

plaintiffs did), KBR incorporates its discussion of these cases found at pages 18-20 of its reply. (Doc. 235). It is worth noting, though, that one of plaintiffs' cited cases, *Martinez v. Rycars Construction,* 2010 WL 6592942 (S.D. Ga. Dec. 2, 2010), specifically discussed what FRCP 26(e)(2)'s duty to supplement does and does not mean, cautioned against supplementation of expert reports, noted that "given the obvious potential for abuse, this is a limited option," and cautioned that the "supplementation option 'is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigation strategy.'" 2010 WL 5592942 *2-3 (quoting *Cochran v. Brinkmann Corp.,*, No. 1:08-CV-1790-WSD, 2009 WL 4823858, *5 (N.D. Ga. Dec. 9, 2009), *aff'd,* 381 F. App'x. 968 (11th Cir. 2010)).

Plaintiffs offered *no* response or excuse for the fact that their failure to seek an extension further discredits their claimed justification and explanation.

## IV.
## Tarr's Tardiness is Prejudicial and is Not "Harmless"

Plaintiffs did not meet their burden of proving that their failure to comply with FRCP 26(a)(2)(D)(ii) was "harmless." *See Pickens,* 750 F. Supp. 2d at 1249. Plaintiffs ignored and failed to respond to the specific harms that defendants identified in Part V of their motion. Instead, plaintiffs offered four assertions of their own.

Plaintiffs <u>first</u> say there was "no surprise" to defendants and "little burden" because defendants' experts Drs. Beck and Zannetti were able timely (within 30 days) to prepare rebuttal reports responding to Tarr's untimely rebuttal report. Plaintiffs miss the point. The fact that defendants' experts were forced to respond to Tarr's tardy opinions *is itself* a way defendants were harmed. As this Court noted in finding that the tardy Carson report was not harmless, "inclusion of the [tardy] report would almost certainly require defendants to instruct their experts to produce supplemental reports, and possibly to designate additional or alternative experts.

Additional expert disclosures at this date could conceivably require postponement of trial, which would not be harmless for purposes of Rule 37(c)." (Doc. No. 244 at 21-22.) Plaintiffs' noncompliance once again has harmed and prejudiced defendants by requiring them to retool their expert strategy and expend further time and money responding to yet another tardy plaintiff expert report – all further jeopardizing this Court's recently re-set schedule.[2]

Plaintiffs <u>second</u> say that plaintiffs' filing of a *Daubert* challenge to Zannetti based on Tarr's tardy rebuttal opinions somehow removes the harm. Plaintiffs devote only a few lines of text to this argument, cite no cases, and do not develop it intelligibly. Plaintiffs may be trying to repeat as a "harmlessness" argument their incorrect assertion that Tarr's tardy opinions should not be excluded for purposes of plaintiffs' *Daubert* motion even if they are excluded for purposes of trial. Plaintiffs are wrong about that too. Plaintiffs' only purported support for this argument is FRE 104(a), which provides that when "deciding whether a witness is qualified, a privilege exists, or evidence is admissible," courts are "not bound by ***evidence rules***, except those on privilege." (The Advisory Committee Notes to FRE 104(a) state, for example, that in ruling on the admissibility of evidence a court may consider affidavits or other reliable hearsay.)

But FRE 104(a) says that courts are "not bound by *evidence* rules*"* – ***FRE 104(a) does not unbind courts from, or eliminate the application of, the Federal Rules of Civil Procedure.*** Here, plaintiffs and Tarr violated the Federal Rules of Civil Procedure and, in particular, violated FRCP(a)(2)(D)(ii)'s 30-day deadline. Plaintiffs did not cite any authority at all for their incorrect assertion that FRE 104(a) or any other rule rescues expert opinions that violate FRCP 26(a) and that should be excluded as a sanction under FRCP 37(c)(1)'s "automatic sanction." *See* FRCP

---

[2] Whether or not Tarr's untimely opinions are excluded – they should be – plaintiffs should be ordered immediately to pay defendants for the attorney and expert fees and expenses incurred in responding to Tarr's December 28, 2011 report and January 20, 2012 affidavit, and in connection with this motion practice. *See* FRCP 37(c).

2191328v1/012196                              8

Advisory Committee Notes to FRCP 37 (1993 Amendments). The fact that plaintiffs have tried to use Tarr's tardy opinions for *Daubert* purposes as well further compounds the harm because defendants and their experts have had to spend additional time and money responding to Tarr's tardy new opinions in that context as well. Tarr's tardy opinions should be excluded for all purposes.

Plaintiffs third say about harmlessness that "at the time Tarr's rebuttal was served, over six months remained before trial." Plaintiffs made a similar argument in their opposition to the motion for sanctions and to exclude Carson's tardy report and – as before – they do not cite any authority to support their claim that this renders their noncompliance harmless. *See Doc. 244* at 21-24 (re Carson exclusion: "I therefore conclude that the untimeliness of the November report was not harmless. Rule 37(c) sanctions are therefore appropriate here."); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826-27 (9th Cir. 2011) (excluding 3-month tardy expert report where no trial scheduled); *Wong v. Regents of the University of California*, 410 F.3d 1052, 1056 (9th Cir. 2005) (rejecting plaintiffs' 2-month tardy attempt to introduce new expert evidence with trial 8 months away); *Pickens*, 750 F. Supp. 2d at 1250-51 (excluding 3-month tardy expert report where no trial date scheduled).

Plaintiffs fourth say the tardiness of Tarr's rebuttal opinions is excused because defendants' experts currently are working to provide rebuttal responses to plaintiffs' expert Carson's tardy report which, itself, is the subject of a separate sanctions motion. Unlike plaintiffs, defendants and their experts timely have submitted their reports in compliance with the rules, and have sought extensions when necessary. This Court has already ruled that the deadline for reports from defendants' expert responding to Carson's tardy report is March 22, 2012, and

2191328v1/012196                                    9

defendants will comply with that deadline. Plaintiffs do not explain how, and do not cite authority to support, their assertion even arguably excuses the tardiness of Tarr's rebuttal report.

V.
Conclusion

This Court should exclude plaintiffs' expert Tarr's December 28, 2011 rebuttal report and paragraphs 3-4 and 7-37 of his January 20, 2012 affidavit.

Dated: March 12, 2012

                    Respectfully submitted,

                    /s/ Geoffrey L. Harrison
                    Geoffrey L. Harrison (Admitted *Pro Hac Vice*)
                    Texas State Bar No. 00785947
                    S.D. Admissions No. 16690
                    gharrison@susmangodfrey.com
                    SUSMAN GODFREY L.L.P.
                    1000 Louisiana Street, Suite 5100
                    Houston, TX 77002-5096
                    Telephone: (713) 653-7807
                    Facsimile: (713) 654-6666

                    Attorney-in-Charge for Defendants KBR, Inc., Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., Overseas Administration Services, Ltd., and Service Employees International, Inc.

Of Counsel:

Jeffrey S. Eden
jeden@schwabe.com
SCHWABE, WILLIAMSON & WYATT
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: (503) 796-2837
Facsimile: (503) 796-2900

Vineet Bhatia
Texas State Bar No. 00795976
S.D. Admissions No. 20187
vbhatia@susmangodfrey.com
J. Hoke Peacock III (Admitted *Pro Hac Vice*)
Texas State Bar No. 15673980
S.D. Admissions No. 13529
tpeacock@susmangodfrey.com
Johnny W. Carter
State Bar No. 00796312
S.D. Admissions No. 21988
jcarter@susmangodfrey.com
Chanler A. Langham (Admitted *Pro Hac Vice*)
Texas State Bar No. 24053314
S.D. Admissions No. 659756
clangham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Jordan Connors (Admitted *Pro Hac Vice*)
Washington State Bar No. 416499
jconnors@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Raymond B. Biagini (Admitted *pro hac vice*)
rbiagini@mckennalong.com
Kurt J. Hamrock
khamrock@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
1900 K Street NW, Suite 100
Washington, D.C. 20006-11808
Telephone: (202) 496-7500
Facsimile: (202) 496-7756