IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, JESUS BRUNO,COLT CAMPREDON,
STEPHEN FOSTER, BYRON GREER, KELLY
HAFER, DENNIS JEWELL, STEPHEN
MUELLER, VITO PACHECO, JOHN RYDQUIST,
KEVIN STANGER, RONALD BJERKLUND,
ADANROLANDO GARCIA, BRIAN HEDIN,
CHARLES SEAMON, RANDY KEIPER, MATT
KUHNEL, DENNIS ROSGEN, AARON
ST. CLAIR, KEVIN WILSON, JASON BLAIN,
JAMES BORJA, DEVON FIELDS,  LESLIE ING,
RICHARD LAWRENCE, JAY LOUISIANA,
 JAMES McGOWAN, DONALD YEARGIN,
JASON ARNOLD, and MICHAEL O'RIELLY,

  Plaintiffs,

                3:09-CV-632-PK

v.                  OPINION AND
                    ORDER

KBR, INC., KELLOGG, BROWN & ROOT SERVICE,
INC., KBR TECHNICAL SERVICES, INC.,
OVERSEAS ADMINISTRATION SERVICES, LTD.,
and SERVICE EMPLOYEES INTERNATIONAL, INC.,

  Defendants.

PAPAK, Magistrate Judge:

  A pretrial conference was held in this action on September 18, 2012.  Now before the

court are plaintiffs' objections (#499) to defendants' designations of page and line numbers of

Page 1 - OPINION AND ORDER

deposition testimony that defendants intend to introduce into evidence at trial of this matter. I have considered the objections and the parties' discussion thereof at the pretrial conference held on the record in open court on September 18, 2012. My analysis of plaintiffs' objections and my rulings regarding defendants' deposition designations in light of my analysis of plaintiffs' objections are set forth below.

## ANALYSIS

Plaintiffs object to defendants' designation of portions of the depositions of witnesses Jerome Balcom (employed as recovery field office safety manager for the U.S. Army Corps of Engineers), Michael Remington (employed as a safety specialist for the U.S. Army Corps of Engineers), Christopher Kennedy (employed as a chemist for the U.S. Army Corps of Engineers), John Resta (at material times employed as director of Health Risk Management for the U.S. Army Center for Health Promotion and Preventative Medicine), Mark Lovell (employed as command surgeon for the 20th Support Command CBRNHE by the U.S. Army), Richard Jenkins (at material times employed by the U.S. Army Corps of Engineers as chief of staff to Gen. Robert Crear for Project RIO), Charles Adams (employed by defendant KBR as Health, Safety, Environment Manager for Project RIO), Charles Johnson (employed by defendant KBR as deputy project manager for Project RIO), William Van Ostrand (employed by defendant KBR as Health, Safety, Environment Manager for Project RIO), James Badgett (employed by defendant KBR as deputy program manager for Project RIO), Kailash Singal (employed by defendant KBR as project manager of engineering), Sudhir Desai (at material times employed by defendant KBR Technical Services, Inc., as a Health, Safety, Environment employee), Herb Myers (employed by defendant KBR as a senior manager), and Ed Rea (at material times employed by defendant KBR

Page 2 - OPINION AND ORDER

as senior project manager for Project RIO) (collectively, the "subject witnesses" and each a "subject witness"). As to each objected-to portion of the subject witnesses' depositions, plaintiffs object on the ground that defendants' interrogation of the witness took the form of leading questions.

"A leading question is a question that suggests the answer to the person being interrogated." *Quirino Canedo Ochave v. INS*, 254 F.3d 859, 871 (9th Cir. 2001) (internal quotation marks, internal modifications omitted), *quoting* Blacks Law Dictionary 897 (7th ed. 1999). Regarding the use of leading questions, Federal Evidence Rule 611(c) provides as follows:

> Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
>
> > (1)   on cross-examination; and
> >
> > (2)   when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.

Fed. R. Evid. 611(c). Here, in each instance of objected-to testimony, defendants' interrogation of the deponent was on direct rather than cross-examination. Moreover, it is clear that none of the deponents at issue was a named plaintiff in this action. In addition, analysis of the subject witnesses' depositions establishes that none of the subject witnesses' responses to defendants' questions merited treatment as hostile. Interrogation by means of leading questions was therefore permissible in the objected-to portions of the subject witnesses' testimony only if "necessary to develop the witness's testimony" or if the witness may properly be "identified with" the plaintiffs. *Id.*


Courts have found leading questions to be "necessary" to develop a witness' testimony under a wide variety of circumstances, including circumstances under which difficulties in communication would otherwise render development of the witness' testimony unduly time-consuming or difficult, such as cases where the witness is a child, *see United States v. Archdale*, 229 F.3d 861, 865-866 (9th Cir. 2000), is an adult with cognitive or communicative difficulties, *see United States v. McGovern*, 499 F.2d 1140, 1142 (1st Cir. 1974), does not speak English, *see United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1570 (10th Cir. 1993), or cannot recall the subject matter of the testimony to be elicited without refreshment of recollection, *see McGovern*, 499 F.2d at 1142, circumstances under which the witness is called upon to testify with specificity regarding the contents of a previous witness' statement, *see United States v. Montgomery*, 126 F.2d 151, 153 (3rd Cir. 1942), circumstances under which a non-leading question might be confusing, *see McGovern*, 499 F.2d at 1142, circumstances under which it is reasonably necessary to use leading questions in order to avoid eliciting testimony regarding inadmissible matters, *see United States v. Hansen*, 434 F.3d 92, 104-105 (1st Cir. 2006), circumstances under which non-leading questions have repeatedly failed to elicit the desired testimony, *see United States v. Carboni*, 204 F.3d 39, 45 (2d Cir. 2000), and circumstances where leading questions are used to elicit testimony regarding matters not in controversy, *see United States v. Indorato*, 628 F.2d 711, 718 (1st Cir. 1980).  Here, there is no indication in the record that any of the subject witnesses was a child, suffered from any material cognitive or communicative dysfunction, was not an English speaker, or was unable to recall the events in question without refreshment of recollection, that any of the subject witnesses was called upon to testify with specificity regarding the contents of any previous witness' statement in connection with any of the objected-to portions

of defendants' deposition designations, or that any of the objected-to portions of the subject witnesses' testimony required the use of leading questions in order to avoid confusion, prejudicial or other inadmissible matters, or futility. Therefore, of the foredescribed sets of circumstances, the only one potentially applicable here is the last-mentioned, namely, those circumstances under which leading questions are used solely to elicit testimony regarding matters not in controversy.

Courts addressing the question of when a witness may properly be considered "identified with" an opposing party have found that, for example, an opposing party's employee, *see Chonich v. Wayne County Community College*, 874 F.2d 359, 368 (6th Cir. 1989), or girlfriend, *see United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984), is sufficiently closely identified with the opposing party to warrant reliance on leading questions when interrogating such witnesses. In light of the holdings of *Chonich* and *Hicks*, and of the plain language of Rule 611(c)(2), I interpret the phrase "a witness identified with an adverse party" as referring to a witness whose relationship to an opposing party is such that the witness' interests vis-à-vis the litigation proceedings in which the witness' testimony is offered can reasonably be expected, under all the applicable circumstances, to be either identical to those of the adverse party or, at minimum, both closely aligned with those of the adverse party and of comparable significance.

Finally, while as a general rule a party's objection to the form of a question posed to a witness by an opposing party is waived if not preserved by express contemporaneous objection, *see* Fed. R. Civ. P. 32(d)(3)(B), *see also* see also 8 Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 2113 (2010), the federal courts enjoy discretion under Rule 611(a) to exercise very nearly plenary control over the mode of interrogating witnesses and presenting

Page 5 - OPINION AND ORDER

evidence at trial, including discretion to exclude leading questions as to which objection has been waived, *see Oberlin v. Marlin American Corp.*, 596 F.2d 1322, 1328-1329 (7th Cir. 1979), *citing United States v. Bender*, 218 F.2d 869, 873-874 (7th Cir. 1955). The exercise of such discretion would appear more appropriate under circumstances suggesting that the party questioning the witness would have been unlikely to rephrase the question had a contemporaneous objection been made, as where the questioning party believed he or she was entitled to pose leading questions (*see*, *e.g.*, Deposition of Jerome Balcom, 176:15 - 177:15, Deposition of Michael Remington, 246:22 - 250:13). Where such circumstances are absent, the exercise of such discretion is generally not appropriate.

    Of the subject witnesses, Balcom, Remington, Kennedy, and Jenkins were at all material times employed by the U.S. Army Corps of Engineers, Resta was at all material times employed by USACHPPM, and Lovell was at all material times employed by the U.S. Army. As to these six witnesses, defendants argue strenuously that each may properly be "identified with" the plaintiffs for purposes of Rule 611(c), in that these witnesses, like the plaintiffs, are employed by a division of the United States military, in that the U.S. Army is adverse to defendants in this action in connection with defendants' assertion that plaintiffs' injuries are attributable in whole or in part to the negligence of the U.S. Army, and in that the U.S. Army has brought an unrelated breach of contract action in a foreign jurisdiction against KBR. I find defendants' argument unpersuasive. As noted above, defendants are the putative beneficiaries of an indemnity provision of the RIO contract which, if enforceable in whole or in part, could result in the U.S. Army Corps of Engineers becoming liable for some or all damages awarded in plaintiffs' favor and against the defendants in this action. The consequence of the RIO contract indemnity

provision is necessarily to align the interests of the U.S. Army and U.S. Army Corps of Engineers at least in part with those of the defendants in this action, rather than with those of the plaintiffs.  Moreover, while the interests of the U.S. Army are necessarily opposed to those of the defendants with respect to the narrow issue of defendants' assertions of contributory or supercedent negligence on the part of the U.S. Army, it is a necessary consequence of those same assertions that the interests of the U.S. Army are aligned with those of the defendants as to the broader issue of the merits of plaintiffs' claims.  Under all the applicable circumstances, I therefore find that witnesses Balcom, Remington, Kennedy, Jenkins, Resta, and Lovell are not sufficiently "identified with" the plaintiffs to warrant the use of leading questions by defendants on direct examination of these witnesses.  In addition, defendants clearly were not entitled to pose leading questions to any of the remaining subject witnesses (Adams, Johnson, Van Ostrand, Badgett, Singal, Desai, Myers, and Rea) on the ground that any such witness was identified with any adverse party, because each was at all material times an employee of one of the defendants in this action.

      In consequence, I have analyzed each objected-to portion of defendants' deposition designations to determine the following:  first, whether the interrogation utilized questions phrased so as strongly to suggest the response the defendants hoped to elicit; second, as to each veridically leading question, whether the matter of the testimony so elicited was genuinely in controversy or, to the contrary, addressed preliminary or immaterial matters, uncontested matters, or matters previously attested by the same witness in substantially similar terms; third, as to all leading questions that elicited testimony as to matters in controversy, whether plaintiffs made any contemporaneous or applicable continuing objection to the form of the question; and fourth, as to

Page 7 - OPINION AND ORDER

all leading questions that elicited testimony as to matters in controversy as to which plaintiffs made no contemporaneous objection, whether the circumstances suggest that the interests of justice would best be served by excluding the testimony despite plaintiffs' failure to raise any applicable objection. On the basis of that analysis, and in light of the foredescribed case and statutory law, I conclude that the following deposition testimony should be excluded from evidence at trial under Rule 611(c) on the grounds that the testimony was elicited by means of improper leading questions: Deposition of Jerome Balcom, 146:14-24, 147:1-9, 147:12, 147:25 - 148:4, 148:6, 149:12-18, 149:20 - 150:10-13, 158:4-10, 158:12-24, 164:4-9, 164:11, 173:21-25, 174:2-5, 174:7, 213:3 - 214:12, 220:22 - 222:9, 228:18 - 229:5, 230:9-11, 246:10-17, 257:14-22, 278:11 - 279:24, 282:11-23, 461:13 - 463:5; Deposition of Michael Remington, 42:14-15, 42:17, 58:9-18, 58:20-25, 79:6-10, 91:2-6, 100:23 - 101:10, 101:12, 255:7-25; Deposition of Christopher Kennedy, 30:7-10, 34:1-6, 44:1-10, 44:12-16, 45:12-24, 46:2, 49:19 - 50:10, 50:12-14, 128:5-10, 128:12-18, 156:5-17, 156:19 - 157:5, 157:7, 157:9-11; Deposition of John Resta, 79:8-11, Deposition of Mark A. Lovell, 72:14-19, 72:21-23, 82:18-22, 82:24, 90:6-10, 90:12-14, 108:6-10, 108:12-13, 114:10-16, 114:18-25, 115:21 - 116:1, 116:3-13, 116:15-17, 153:7-17, 153:19 - 154:1, 155:10, 155:12-17, 161:20-24, 162:2-9, 216:22 - 217:4, 217:6, 235:15-18, 235:20-25, 236:2-3, 236:5, 236:9-14, 236:16-18; Deposition of Richard Jenkins, 15:6-9, 15:11-12, 60:9-12, 60:14-23, 60:25 - 61:1; Deposition of Charles Adams, 228:4-13, 229:12-15, 229:17-18; Deposition of William Van Ostrand, 118:8-10, 118:12-15, 121:1-4, 121:6, 126:16-20, 129:22-25; Deposition of James Gregory Badgett, 182:24 - 183:3, 183:5, 190:3-17; Deposition of Kailash Singal, 127:16-23, 127:25; Deposition of Edmond Rea, 114:6-9, 114:11-14, 114:16-20, 114:22, 134:9-13, 134:15, 138:19-23.

## CONCLUSION

For the reasons set forth above, plaintiffs' objections (#499) to defendants' deposition designations are resolved as discussed above.

Dated this 27th day of September, 2012.

       /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge