**David F. Sugerman, OSB No: 86298**
DAVID F. SUGERMAN ATTORNEY, PC
520 S.W. Sixth Ave., Ste. 920
Portland, Oregon 97204-1535
Phone:  (503) 228-6476
Fax:     (503) 224-2764
Email:  david@davidsugerman.com

**Michael Patrick Doyle,** *Pro Hac Vice*
**Jeffrey L. Raizner,** *Pro Hac Vice*
**Patrick M. Dennis,** *Pro Hac Vice*
DOYLE RAIZNER, LLP
1221 McKinney Street
Suite 4100
Houston, Texas 77010
Phone: (713) 571-1146
Fax:    (713) 571-1148
Email: mdoyle@doyleraizner.com
          jraizner@doyleraizner.com
          pdennis@doyleraizner.com

**Gabriel A. Hawkins,** *Pro Hac Vice*
COHEN & MALAD, LLP
One Indiana Square
Suite 1400
Indianapolis, Indiana 46204
Phone: (317) 636-6481
Fax:    (317) 636-2593
Email: ghawkins@cohenandmalad.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

Rocky Bixby, *et al.*,

              Plaintiffs,

v.

KBR, Inc., *et al.*,

              Defendants.

_____

Case No. 3:09-cv-632-PK

Plaintiffs' Reply in Opposition to
Continued Gag Order

Oral Argument Requested

The rhetoric contained in KBR's Response to the Veterans' Opposition to Continued Gag Order is misplaced, nonresponsive, and provides no meaningful assistance in furtherance of this Court's effort to balance significant constitutional concerns.  The first section of KBR's Response simply repeats, and repeats further, the Court's ability to manage its docket—a subject that is not remotely related to continuation of KBR's demanded gag order of the public trial..  Defs' Resp. at 2-3. The second section of KBR's Response contends that this Court has the authority to limit extrajudicial statements by parties if necessary to protect fair trial concerns, without any basis for suggesting the Court's handling of this issue before and during the first trial was inadequate.  Defs' Resp. at 3-7.  KBR's contention begs the question—of course this Court has the power to limit such statements, when necessary and justified.  There are, however, competing constitutional interests that must be balanced.   Unlike the Veterans, who have proposed such a balance consistent with Rule 3.6, KBR entirely ignores the First Amendment and open court responsibilities of the Court.   KBR entirely ignores the First Amendment and open court responsibilities imposed by Article 1, Section 10 of the Oregon Constitution.

The third section of KBR's Response fails to address the import of Rule 3.6. Defs' Resp. at 7-9.  As the Veterans have demonstrated in their Opposition, Rule 3.6's default provisions are a fair and appropriate balance between First Amendment speech and a fair trial.  In the final section of KBR's Response, KBR fails to refute the issues raised by the still publicly disseminated, and demonstrably false and misleading, statements about the case and evidence contained  in KBR's

10-K.  Defs' Resp. at 10-12.  KBR, instead, defends the inaccuracies by asserting that this information was issued prior to this Court's gag order.  Consistent with KBR's purported justification of its chosen speech, the suspension of kbrlitigation.com should be lifted and allowed to include information that was available prior to the issuance of this Court's gag order.

### I.  KBR's Managerial Contentions are Misplaced

At issue is whether the Court should enforce the well-tested provisions of Rule 3.6, or instead comply with KBR's demand for what amounts for all practical purposes to sealing of evidence from a public trial—as representatives and reporters do not have the familiarity with this complex case to sort through more than 100,000 pages of exhibits.  *See* Pls' Mem. in Opp., Doc. No. 618.  Despite this clear focus, the first section of KBR's Response is devoted to this Court's ability to manage its docket.  Defs' Resp. at 2-3.  Similarly, KBR's cited cases concern this Court's ability to manage its docket rather than the balance between free speech and a fair trial.  *See Clackamas County v. Midwest Employers Cas. Co.*, 2010 WL 5391577 (D. Or. Dec. 22, 2010); *Cohen v. Carreon*, 94 F.Supp.2d 1112, 1115 (D. Or. 2000); *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); *Ferdik v. Bonzalet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Robinson v. Cannard*, 2009 WL 4042914 (D. Or. Nov. 19, 2009); *In re Korean Air Lines Co. Ltd.*, 642 F.3d 685,

698-700 (9th Cir. 2011).[1]  KBR's non-sequitur is confusing and demonstrative of the ill-found nature of its attempt to challenge the default provisions of Rule 3.6.

## II. KBR Ignores Conflicting Free Speech Provisions

KBR cites a 1907 Supreme Court case for the proposition that verdicts must be premised upon a fair, in-court presentation of evidence.  Defs' Resp. at 3-4 (citing *Patterson v. Colorado, ex rel.*, 205 U.S. 454, 462 (1907)).  KBR's contention begs the question.  The Veterans do not dispute the importance of a fair trial, and there is no legitimate basis for any claim by KBR that it did not receive a fair and exhaustive airing of its claims and defenses.  Rather, the question before the Court is whether the default provisions of Rule 3.6 are sufficient to safeguard fair trials for the remaining parties,  or the Veterans must abstain from First Amendment speech until the completion of a trial that might not even begin until April.  More directly, KBR's alleged concerns about dissemination of misleading statements about evidence and testimony has on obvious cure—the actual testimony and evidence entered into the public trial record should not be de facto sealed.

To illustrate KBR's failure to address the core issue of the balance between speech and fair trial protections,  KBR does not address the absolute impediment to legitimate legislative interest in the important issues in this case.  Mandating that any member of the public, or any interested member of the legislative branch, must comb through the record of the trial at the clerk's office as a practical matter imposes unreasonable and unjustified barriers to access to the public trial records.

---

[1] Ironically, the one case cited by KBR that concerns a Court's ability to limit speech reversed the trial court for issuing a restriction on speech that was overly broad.  *See Journal of Pub. Co. v. Mechem*, 801 F.2d 1233, 1236 (10th Cir. 1986).

Despite the fact that the Veterans' ability to petition Congress is unquestionably subject to First Amendment protections and it is far from obvious how such petitioning could influence a jury, KBR has made no attempt to establish how such communication would result in an unfair trial. At the very least, before it may restrain the Veterans' First Amendment protections, KBR is required to demonstrate how the default provisions of Rule 3.6 are insufficient to ensure a fair trial.

### III. This Court should not Depart from the Default Provisions of Rule 3.6

Consistent with KBR's above-cited failure to demonstrate how the Veterans' requested relief would impugn a fair trial, KBR fails to demonstrate how relying upon the default provisions of Rule 3.6 would impugn a fair trial. Defs' Resp. at 7-9. KBR, instead, asserts that the Veterans have over-construed the definition of "information contained in the public records" applied by *Attorney Grievance Comm'n v. Gansler*, 835 A.2d 548 (Md. 2003), and that "information contained in the public records" should be limited to "the records and papers on file with a government entity to which an ordinary citizen would have lawful access." Defs' Resp. at 8. The Veterans have no objection to such a definition, and they should, consistent with Rule 3.6, not be restricted from utilizing such material.

More directly, the Court has already dealt with the exact issue in a consistent and successful manner, limiting public comment a reasonable time before trial and conducting an appropriate voir dire to ensure all parties a fair trial with jurors fully capable to receive evidence admitted at trial. KBR has not, and cannot, suggest

that these safeguards imposed by the Court did not fully protect the parties' right to a fair and impartial trial.

### IV. *KBR is not Justified in Placing Misleading Information in its SEC Filings*

The Veterans demonstrated that KBR's SEC filings disseminate false and misleading information in violation of this Court's gag order. Pls' Mem. in Opp. at 11-12. KBR's Response does not address any of the specific falsehoods raised by the Veterans and, instead, claims that such filings are "legally required." Defs' Resp. at 10. KBR, however, is not legally obligated to include falsehoods in SEC filings; KBR's obligation is quite to the opposite. Moreover, there is no basis for the decision to include the misleading filings on KBR's website, which is neither mandated nor justifiable under this Court's order. KBR also defends its dissemination of information—including the indemnity agreement—by asserting that it released such information prior to this Court's gag order. *Id.* Consistent with KBR's purported justification, the suspension of kbrlitigation.com should be lifted and allowed to include information that was obtained prior to this Court's gag order.

### Conclusion

For all of the afore-stated reasons, this Court should lift the gag order in substitution of the default provisions of Rule 3.6.

Respectfully submitted,

This 21st Day of November 2012

/s/  David F. Sugerman
David F. Sugerman, OSB No: 86298
David F. Sugerman Attorney PC
520 S.W. Sixth Avenue, Ste. 920
Portland, Oregon 97204-1535
Phone:    (503) 228-6476
Fax:        (503) 224-2764
Email:      david@davidsugerman.com

**David F. Sugerman, OSB No: 86298**
DAVID F. SUGERMAN ATTORNEY PC
520 S.W. Sixth Avenue, Ste. 920
Portland, Oregon 97204-1535
Phone:    (503) 228-6476
Fax:        (503) 224-2764
Email:      david@davidsugerman.com

**Michael Patrick Doyle,** *Pro Hac Vice*
**Jeffrey L. Raizner,** *Pro Hac Vice*
**Patrick M. Dennis,** *Pro Hac Vice*
DOYLE RAIZNER LLP
1221 McKinney, Suite 4100
Houston, Texas 77010
Phone:        (713) 571-1146
Fax:    (713) 571-1148
Email:        mdoyle@doyleraizner.com
                  jraizner@doyleraizner.com
                  pdennis@doyleraizner.com

**Gabriel Adam Hawkins,** *Pro Hac Vice*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Phone:        (317) 636-6481
Fax:    (317) 636-2593
Email:        ghawkins@cohenandmalad.com