IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, JESUS BRUNO, COLT CAMPREDON,
STEPHEN FOSTER, BYRON GREER, KELLY
HAFER, DENNIS JEWELL, STEPHEN
MUELLER, VITO PACHECO, JOHN RYDQUIST,
KEVIN STANGER, RONALD BJERKLUND,
ADANROLANDO GARCIA, BRIAN HEDIN,
CHARLES SEAMON, RANDY KEIPER, MATT
KUHNEL, DENNIS ROSGEN, AARON
ST. CLAIR, KEVIN WILSON, JASON BLAIN,
JAMES BORJA, DEVON FIELDS, LESLIE ING,
RICHARD LAWRENCE, JAY LOUISIANA,
JAMES McGOWAN, DONALD YEARGIN, and
JASON ARNOLD,

        Plaintiffs,

                                                      3:09-CV-632-PK

v.                                                    OPINION AND
                                                    ORDER

KBR, INC., KELLOGG, BROWN & ROOT SERVICE,
INC., KBR TECHNICAL SERVICES, INC.,
OVERSEAS ADMINISTRATION SERVICES, LTD.,
and SERVICE EMPLOYEES INTERNATIONAL, INC.,

        Defendants.

PAPAK, Magistrate Judge:

        On November 2, 2012, a jury returned a verdict in this action in favor of plaintiffs

Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon,

Page 1 - OPINION AND ORDER

and St. Clair on their negligence claims against defendants KBR, Inc., and Kellogg, Brown & Root Service, Inc.. Now before the court is defendants' oral motion (#616) for leave of court to contact members of the jury for the purpose of inquiring into whether they were exposed to extraneous prejudicial information during the course of their deliberations. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, defendants' motion is denied.

## LEGAL STANDARD

Within this District, "[e]xcept as authorized by the Court, attorneys[ or] parties. . . must not initiate contact with any juror concerning any case which that juror was sworn to try." L.R. 48-2. "The trial judge has considerable discretion in determining whether to hold an investigative hearing on allegations of jury misconduct and in defining its nature and extent." *United States v. Barrett*, 703 F.2d 1076, 1083 (9th Cir. 1982), *citing United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir. 1977). Good cause for granting leave to a party or its counsel to conduct juror interviews exists where there is evidence that extraneous prejudicial information was improperly brought to the jury's attention. *See Tanner v. United States*, 483 U.S. 107, 116-118 (1987); *see also* Fed. R. Evid. 606(b). Motions for leave to conduct post-verdict juror interviews are highly disfavored. *See id.* at 119-120; *McDonald v. Pless*, 238 U.S. 264, 267-268 (1915).

## ANALYSIS

Here, defendants argue that an article by Mike Francis published in *The Oregonian* on November 5, 2012, under the title "Jurors say it didn't take long to determine KBR was negligent," constitutes evidence that the jury was exposed to prejudicial information that had not

Page 2 - OPINION AND ORDER

been presented to them at trial. The first three paragraphs of that article state as follows:

> KBR Inc. knew a hazardous chemical was present at an Iraqi water treatment plant even before arriving there, said one of the jurors who on Friday awarded $85 million in damages to 12 Oregon soldiers. But the defense contractor allowed soldiers and employees to work there for months before dealing with the contamination, he said.
>
> "It is such a strong case of negligence," said Jim Zarr, a City of Portland building inspector. KBR officials knew about it, but said nothing to the soldiers who were protecting them at the Qarmat Ali water treatment plant, he said. "All they had to do was talk to them."
>
> Zarr, one of two jurors to speak with The Oregonian after the verdict, said he found the Material Safety Data Sheet for sodium dichromate to be the single most significant document in the trial. He and the other jurors saw that KBR had referenced it as early as November 2002 -- four months before the contractors first reached Qarmat Ali, soon after the U.S.-led invasion of Iraq. But work at the plant wasn't shut down until late in the summer, after the Oregon soldiers and many other troops and contractors had spent time at the site.

Defendants take the position that Francis' report that "[Zarr] and the other jurors saw that KBR had referenced [the Material Safety Data Sheet] as early as November 2002" constitutes evidence that the jury was exposed to information other than the information presented at trial because the jury did not hear trial evidence that KBR had referenced the MSDS in November 2002. However, the article does not claim or suggest that any juror ever so attested; to the contrary, the claim that the jurors saw such evidence is not attributed to any juror, but rather appears to be an observation, whether or not accurate, offered by Francis himself.

Defendants appear to take the further position that Francis' attribution to an unnamed juror of the proposition that "KBR Inc. knew a hazardous chemical was present at an Iraqi water treatment plant even before arriving there" constitutes evidence that the jury was exposed to information other than the information presented at trial because that proposition is, purportedly,

Page 3 - OPINION AND ORDER

inaccurate. However, evidence was presented at trial from which a finder of fact could reasonably have concluded that KBR was aware of the likely presence of sodium dichromate at Qarmat Ali prior to beginning operations there. The unnamed juror's embrace of that proposition is therefore immaterial to the question whether this jury was improperly exposed to prejudicial extraneous information.

Defendants' evidentiary proffer and argument fall well short of establishing that the jury was improperly exposed to prejudicial extraneous information. In consequence, defendants' motion is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion (#616) for leave of court to conduct post-verdict jury interviews is denied.

Dated this 19th day of December, 2012.

_Paul Papak_
Honorable Paul Papak
United States Magistrate Judge