IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, JESUS BRUNO, COLT CAMPREDON,
STEPHEN FOSTER, BYRON GREER, KELLY
HAFER, DENNIS JEWELL, STEPHEN
MUELLER, VITO PACHECO, JOHN RYDQUIST,
KEVIN STANGER, RONALD BJERKLUND,
ADANROLANDO GARCIA, BRIAN HEDIN,
CHARLES SEAMON, RANDY KEIPER, MATT
KUHNEL, DENNIS ROSGEN, AARON
ST. CLAIR, KEVIN WILSON, JASON BLAIN,
JAMES BORJA, DEVON FIELDS, LESLIE ING,
RICHARD LAWRENCE, JAY LOUISIANA,
JAMES McGOWAN, DONALD YEARGIN, and
JASON ARNOLD,

    Plaintiffs,

3:09-CV-632-PK

v.

OPINION AND
ORDER

KBR, INC., KELLOGG, BROWN & ROOT SERVICE,
INC., KBR TECHNICAL SERVICES, INC.,
OVERSEAS ADMINISTRATION SERVICES, LTD.,
and SERVICE EMPLOYEES INTERNATIONAL, INC.,

    Defendants.

PAPAK, Magistrate Judge:

    Before the court is plaintiffs' informal, oral motion (#616) for relief from certain court-imposed pretrial restrictions on the right of the parties and their counsel to speak regarding issues

Page 1 - OPINION AND ORDER

material to the parties' dispute. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, plaintiffs' motion is granted as discussed below.

## ANALYSIS

From October 9, 2012, through November 2, 2012, trial was held in this action on the claims of plaintiffs Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair. The claims of the remaining plaintiffs have not yet been tried.

Prior to the trial of the first set of plaintiffs in this action, the court imposed a loosely structured set of restrictions on the parties' right to speak regarding their dispute, referred to informally by the parties as the court's "gag order," calculated to prevent material information regarding the parties' dispute from polluting the pool of potential jurors who would hear plaintiffs' claims. At this time, no trial date has been set for the claims of any of the remaining plaintiffs, and the court does not contemplate setting any such trial date until after appeals, if any, from the judgment rendered at the close of the first trial have been resolved. Because no further trial date is currently on calendar, all court-imposed restrictions on the parties' right to speak regarding their dispute are lifted. The court will reconsider the need to impose such restrictions, either on the motion of any party or *sua sponte*, after a date has been set for further trial in this action.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#616) for relief from court-imposed

/ / /

/ / /

Page 2 - OPINION AND ORDER

restrictions on the right of the parties and their counsel to speak regarding the parties' dispute is granted as discussed above.

Dated this 19th day of December, 2012.

_____
Honorable Paul Papak
United States Magistrate Judge

Page 3 - OPINION AND ORDER