IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, JESUS BRUNO, COLT CAMPREDON,
STEPHEN FOSTER, BYRON GREER, KELLY
HAFER, DENNIS JEWELL, STEPHEN
MUELLER, VITO PACHECO, JOHN RYDQUIST,
KEVIN STANGER, RONALD BJERKLUND,
ADANROLANDO GARCIA, BRIAN HEDIN,
CHARLES SEAMON, RANDY KEIPER, MATT
KUHNEL, DENNIS ROSGEN, AARON
ST. CLAIR, KEVIN WILSON, JASON BLAIN,
JAMES BORJA, DEVON FIELDS,  LESLIE ING,
RICHARD LAWRENCE, JAY LOUISIANA,
 JAMES McGOWAN, DONALD YEARGIN, and
JASON ARNOLD,

        Plaintiffs,

                                       3:09-CV-632-PK

v.                                  OPINION AND
                                      ORDER

KBR, INC., and KELLOGG, BROWN & ROOT
SERVICES, INC.,

        Defendants.

PAPAK, Magistrate Judge:

      By and through their fifth amended complaint, filed January 10, 2011, plaintiffs alleged

defendants' liability for negligence and for fraud arising out of plaintiffs' exposure to sodium

dichromate and subsequent hexavalent chromium poisoning while stationed as Oregon National

Page 1 - OPINION AND ORDER

Guardsmen in Iraq and assigned to duty at the Qarmat Ali water plant in May-September 2003. From October 9, 2012, through November 2, 2012, trial was held in this action on the claims alleged in plaintiffs' fifth amended complaint on behalf of plaintiffs Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair (collectively, the "first-tranche plaintiffs"). The jury resolved the claims in the first-tranche plaintiffs' favor. The claims brought on behalf of all other plaintiffs remain at issue.

Effective December 21, 2012, plaintiffs amended their complaint a sixth time, substituting Bertha Helman-Shuit, personal representative of the estate of Randy Keiper, as a plaintiff in lieu of deceased plaintiff Keiper. The amendment otherwise effected no significant modification to plaintiffs' claims or to their allegations in support thereof.

Now before the court, *inter alia*, are plaintiffs' opposed motion (#636) to amend the parties' stipulated protective order and defendants' motion (#637) for imposition of contempt sanctions against the plaintiffs. I have considered the motions, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, plaintiffs' motion to amend the parties' stipulated protective order is denied with leave to refile, and defendants' motion for imposition of contempt sanctions is denied.

## LEGAL STANDARDS

I.    **Modification of Stipulated Protective Order**

In general, where one party seeks modification of an existing protective order, the party opposing modification bears the burden of showing good cause for continuing the protections afforded by the order. *See, e.g., Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). However, where the protective order in question is a stipulated protective

Page 2 - OPINION AND ORDER

order, as to which no initial showing of good cause was required or made, the courts of the Ninth

Circuit allocate the burden of showing good cause to the party seeking modification, specifically

to establish a sufficiently compelling need for the disclosure the proposed modification would

permit to outweigh any risk of injury to the opposing party. *See Brown Bag Software v.*

*Symantec Corp.*, 960 F.2d 1465, 1470-1472 (9th Cir. 1992).

## II.    Contempt Sanctions

"District courts have broad equitable power to order appropriate relief in civil contempt

proceedings." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).

## ANALYSIS

## I.    Plaintiffs' Motion (#636) to Amend Stipulated Protective Order

Plaintiffs advise the court that defendants in this action have filed suit against the United

States government seeking indemnification in connection with the money judgments entered

against them on the first-tranche plaintiffs' claims in this action.  That action is now in its early

stages.

Plaintiffs now seek modification of the stipulated protective order in this case to permit

plaintiffs to share documents acquired from defendants in discovery with the government and its

attorneys in connection with defendants' indemnification action.  Plaintiffs concede that the

government and its attorneys have not yet requested such discovery-sharing, but advise the court

that they "anticipat[e]" the government will shortly do so.

I agree with the plaintiffs that "the reasonable needs of other parties in other litigation" to

review discovery-protected documents can constitute good grounds for modifying a court's

protective order that otherwise would prevent disclosure of discovered documents to such other

Page 3 - OPINION AND ORDER

parties. *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964). However, because the government has not yet made any request for discovery sharing, plaintiffs are incapable at this time of meeting their burden to establish a compelling need for the disclosure the proposed modification would permit. In consequence, plaintiffs' motion is denied with leave to refile should circumstances warrant at some future time.

## II.    Defendants' Motion (#637) for Imposition of Contempt Sanctions

Prior to trial of the first-tranche plaintiffs' claims, "th[is] court imposed a loosely structured set of restrictions on the parties' right to speak regarding their dispute, referred to informally by the parties as the court's 'gag order,' calculated to prevent material information regarding the parties' dispute from polluting the pool of potential jurors who would hear plaintiffs' claims." The first-tranche plaintiffs' trial took place from October 9, 2012, through November 2, 2012. Following trial of the first-tranche plaintiffs' claims, on December 19, 2012, the court lifted its informal "gag order."

Defendants seek imposition of contempt sanctions against the plaintiffs based on evidence that, on December 11, 2012 – prior to the date the court lifted its restrictive order – plaintiffs' jury consultant sent to his clients an email advertisement containing an embedded "testimonial" video narrated by Michael Doyle, counsel to plaintiffs. The embedded video testimonial contained some references to this action and to the jury verdict on the first-tranche plaintiffs' claims. Defendants seek an order finding plaintiffs in contempt of the restrictive order and directing plaintiffs to remove the email advertisement and embedded video testimonial from the internet, to provide to the defendants the identities of all recipients of the email advertisement, to provide to defendants the identities of all additional persons to whom plaintiffs'

Page 4 - OPINION AND ORDER

counsel may have forwarded the email advertisement, and to disclose of all communications between plaintiffs' counsel and the jury consultant regarding the intended distribution of the advertisement and/or regarding the court's restrictive order.

Review of the embedded video testimonial establishes that Doyle's recorded statements clearly were not in violation of the previously imposed restrictive order.  Moreover, assuming *arguendo* that statements made by plaintiffs' jury consultant were potentially within the scope of the court's restrictive order, review of the email advertisement establishes that the consultant disclosed no information material to the parties' dispute not already in the public record. Defendants' motion for imposition of contempt sanctions is therefore denied.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#636) to amend the parties' stipulated protective order is denied with leave to refile and defendants' motion (#637) for imposition of contempt sanctions against the plaintiffs is denied.


Dated this 25th day of march, 2013..

Honorable Paul Papak
United States Magistrate Judge