IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, JESUS BRUNO, COLT CAMPREDON,
STEPHEN FOSTER, BYRON GREER, KELLY
HAFER, DENNIS JEWELL, STEPHEN
MUELLER, VITO PACHECO, JOHN RYDQUIST,
KEVIN STANGER, RONALD BJERKLUND,
ADANROLANDO GARCIA, BRIAN HEDIN,
CHARLES SEAMON, BERTHA HELMAN-SHUIT,
MATT KUHNEL, DENNIS ROSGEN, AARON
ST. CLAIR, KEVIN WILSON, JASON BLAIN,
JAMES BORJA, DEVON FIELDS, LESLIE ING,
RICHARD LAWRENCE, JAY LOUISIANA,
JAMES McGOWAN, DONALD YEARGIN, and
JASON ARNOLD,

        Plaintiffs,

                                      3:09-CV-632-PK

v.                                       OPINION AND
                                       ORDER

KBR, INC., KELLOGG, BROWN & ROOT SERVICE,
INC., KBR TECHNICAL SERVICES, INC.,
OVERSEAS ADMINISTRATION SERVICES, LTD.,
and SERVICE EMPLOYEES INTERNATIONAL, INC.,

        Defendants.

PAPAK, Magistrate Judge:

        From October 9, 2012, through November 2, 2012, trial was held in this action on the claims alleged in plaintiffs' fifth amended complaint on behalf of plaintiffs Arnold, Bixby,

Page 1 - OPINION AND ORDER

Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair (collectively, the "trial plaintiffs") against defendants KBR, Inc., and Kellogg, Brown & Root Service, Inc. ("KB&RS" and, collectively with KBR, Inc., the "trial defendants"). The jury found the trial defendants not liable in connection with the trial plaintiffs' fraud claims, but awarded both non-economic and punitive damages against them in connection with the trial plaintiffs' negligence claims. The claims brought against all defendants on behalf of all other plaintiffs remain at issue in this action.

On November 30, 2012, defendants moved pursuant to Federal Civil Procedure Rule 50(b) for a defense judgment on the trial plaintiffs' claims notwithstanding the jury's verdict, and on December 28, 2012, plaintiffs moved for entry of final judgment as to the trial plaintiffs' claims pursuant to Federal Civil Procedure Rule 54(b) and defendants moved for a new trial of the trial plaintiffs' claims or in the alternative for remittitur of the jury's damages award in those plaintiffs' favor pursuant to Federal Civil Procedure Rule 59. On April 26, 2013, I denied defendants' Rule 50(b) motion in its entirety and denied defendants' Rule 59 motion to the extent defendants sought a new trial and granted it in part to the extent defendants sought remittitur of the jury's damages award. On that same date, I granted plaintiffs' Rule 54(b) motion. Final judgment (#732) was entered as to the trial plaintiffs' claims on May 10, 2013.

Now before the court is defendants' Federal Civil Procedure Rule 59(e) motion (#737) to modify or amend final judgment in the trial plaintiffs' favor. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, defendants' Rule 59(e) motion is denied.

## LEGAL STANDARD

Federal Civil Procedure Rule 59(e) provides statutory authority for the district courts to consider a party's motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). Such a motion may appropriately be granted where "the district court (1) is presented with newly discovered evidence [or] (2) committed clear error or the initial decision was manifestly unjust, or (3) [where] there is an intervening change in controlling law." *Id.* at 1263. However, "[t]here may also be other, highly unusual, circumstances warranting reconsideration in addition to the foregoing." *Id.*

## ANALYSIS

Defendants assert for purposes of the motion now before the court[1] that I committed "clear and manifestly unjust error" in two respects: by resolving factual issues bearing on personal jurisdiction rather than reserving those issues for jury decision, and by resolving those same issues in such manner as to support a finding that the court could properly exercise personal jurisdiction over the trial defendants notwithstanding the jury's verdict in the trial defendants' favor on the trial plaintiffs' fraud claims. I address both assignments of error below.

I. **Resolution by the Court of Factual Issues Bearing on Personal Jurisdiction**

Defendants argue, first, that the bare fact that the court resolved factual issues bearing on personal jurisdiction, rather than reserve those issues for jury decision – without regard to the court's specific disposition of the personal-jurisdiction question – constituted "clear and manifestly unjust" legal error. The premise of defendants' argument is incorrect as a matter of

---

[1] Defendants reserve the right to seek appellate review of other issues elsewhere preserved that are not raised in connection with the motion now before the court.

Page 3 - OPINION AND ORDER

law. As I stated in my Opinion and Order (#724) dated April 26, 2013, it is clear that the courts enjoy authority to resolve factual issues bearing on personal jurisdiction:

> Defendants are permitted to move prior to trial, as the defendants did in this action, for dismissal of a complaint against them for lack of personal jurisdiction. "Because there is no statutory method for resolving this issue, the mode of its determination is left to the trial court." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977), *citing Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939). "The limits which the district judge imposes on the pre-trial proceedings will affect the burden which the plaintiff is required to meet." *Id.*
>
> Where – as here – the defendants' motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and/or of allegations contained in pleadings, rather than on the basis of a full evidentiary hearing, the plaintiff or plaintiffs need only make a *prima facie* showing that personal jurisdiction may properly be exercised over the defendants in order to survive dismissal. *See id.* In the event that plaintiffs avoid a preliminary motion to dismiss by making only a *prima facie* showing of jurisdictional facts, personal jurisdiction over each defendant necessarily remains to be established by a preponderance of the evidence at a subsequent, plenary evidentiary hearing. *See id.*; *see also id.* at n. 2.
>
> Such plenary evidentiary hearing may be conducted as a pretrial proceeding, in which case the judge sits as the trier of fact and is empowered to weigh the evidence and to make determinations of credibility. *See, e.g., Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004); *see also Data Disc*, 557 F.2d at 1285. In the absence of such a pretrial proceeding, plaintiffs are required to establish personal jurisdiction over each defendant by a preponderance of the evidence at trial. *See, e.g., Data Disc*, 557 F.2d at 1285, n. 2.

Opinion and Order (#724) at 9-10. I am aware of no precedent to suggest that it is improper for a judge to act as a finder of fact for purposes of the personal-jurisdiction inquiry following the presentation of evidence at trial, and defendants cite to no authority for that proposition. Considered in connection with the trial court's discretion to determine the "mode" for deciding the personal-jurisdiction question, this court's clear authority to act as a finder of fact by weighing evidence and making determinations of credibility in connection with a personal

Page 4 - OPINION AND ORDER

jurisdictional inquiry suggest that it is not clear error as a general matter of law for a court to decide jurisdictional questions on the basis of the parties' plenary presentation of evidence at trial.

I acknowledge the rule in the Ninth Circuit that where jurisdictional issues are so closely intertwined with the merits of a case that the jurisdictional question is in fact dependent upon decision of the merits, the court must resolve the jurisdictional issue at trial, and lacks discretion to resolve the issue in the course of pretrial proceedings. *See Careau Group v. United Farm Workers*, 940 F.2d 1291, 1293-1294 (9th Cir. 1991); *see also, e.g., Orff v. United States*, 358 F.3d 1137, 1150 (9th Cir. 2004). That rule is without impact on the analysis here, for two reasons. First, as discussed in greater detail below (and in my Opinion and Order dated April 26, 2013), the jurisdictional inquiry here was not intertwined to that extent with the merits of the trial plaintiffs' claims. Second, the Ninth Circuit has not suggested that such resolution by the district court at trial must be specifically by jury decision as opposed to by the court's own appropriate factual findings. *See Careau Group*, 940 F.2d *passim*. Indeed, the Ninth Circuit has never deviated from the rule affirmed in *Data Disc*, 557 F.2d at 1285, that "the mode of . . . determination [of the personal-jurisdiction inquiry] is left to the trial court."

Resolution of disputed facts relating to personal jurisdiction over a defendant is not generally reserved for determination by a jury, and trial courts enjoy discretion to determine how such factual questions are to be resolved. The parties here made a plenary presentation of evidence in support of their positions, and the court decided the factual issues underlying the personal-jurisdiction inquiry on the basis of the parties' presentations. In consequence, no grounds exist to support the conclusion that the court impermissibly usurped the province of the

Page 5 - OPINION AND ORDER

jury in violation of the trial defendants' rights under the Seventh Amendment.[2] Defendants' motion is therefore denied to the extent premised on the proposition that disputed factual questions bearing on personal jurisdiction must be determined by a jury rather than by the court.

## II. Purported Conflict Between the Jury Verdict and the Court's Resolution of Factual Questions Underlying the Personal-Jurisdiction Inquiry

Defendants argue that my resolution of the factual questions underlying the personal-jurisdiction inquiry was in conflict with and therefore foreclosed by the jury's finding that the trial defendants were not liable in connection with the trial plaintiffs' fraud claims. I expressly addressed this issue in my Opinion and Order dated April 26, 2013:

> The fact that the jury did not find either trial defendant liable in connection with the fraud claims is without impact on this conclusion. First, it is quite clear both that a plaintiff need not prove the merits of a claim in order to establish the court's personal jurisdiction over the parties against whom that claim is brought and that a plaintiff's failure to prevail on a claim does not in any sense extinguish the court's personal jurisdiction in connection with that claim. Second, the jury verdict is not in conflict with the foregoing analysis of the trial evidence. The jury could have rejected the trial plaintiffs' theory of fraud based on an element whose factual underpinnings were wholly nonoverlapping with the foregoing analysis, as for example the trial plaintiffs' reasonable reliance on the trial defendants' representations and omissions, or based on the higher standard of proof applicable to fraud claims, namely the clear and convincing evidence standard.

---

[2] Defendants argue that the court's "clear and manifestly unjust error" in deciding factual questions bearing on personal jurisdiction constituted a deprivation of the trial defendants' Seventh Amendment rights, and that such error can only have been harmless in the total absence of evidence tending to support any contrary conclusion. Defendants further argue that in weighing the applicable evidence I ignored substantial evidence that, if credited, would have tended to support the conclusion that the defendants did not intentionally direct any misrepresentation or material omission at Oregon National Guardsmen. Defendants' argument is premised on an inapplicable legal standard; the governing legal standard required the finder of fact to determine jurisdictional questions only by a preponderance of the evidence. *See, e.g., Data Disc*, 557 F.2d at 1285, n. 2. Moreover, I did not fail to consider any of the evidence cited by defendants, but rather found that a preponderance of the evidence was to the contrary. *See* Opinion and Order (#724) at 15-22. For all the reasons stated in my Opinion and Order dated April 26, 2013, I affirm that finding now for purposes of defendants' Rule 59(e) motion.

Opinion and Order (#724) at 24. I now affirm my prior finding that the jury's verdict on the trial plaintiffs' fraud claims was not dispositive of the personal-jurisdiction inquiry. The jury was charged to decide the trial plaintiffs' allegations of fraud by clear and convincing evidence, a higher standard of proof than was applicable to the finder of fact's determination of the factual issues bearing on personal jurisdiction. Moreover, as noted in my prior decision, determination of the factual issues bearing on personal jurisdiction did not require determination of all of the essential elements of a claim of fraud brought under Oregon law, but rather only of whether the trial defendants, by and through their employees or agents, committed any intentional act directed at Oregon and causing harm likely to be experienced in Oregon. For all of the reasons set forth in my Opinion and Order dated April 26, 2013, defendants' Rule 59(e) motion is therefore denied to the extent premised on the proposition that the jury's verdict extinguished this court's personal jurisdiction over the trial defendants.

## CONCLUSION

For the reasons set forth above, defendants' Rule 59(e) motion (#737) is denied.

Dated this 4th day of June, 2013.

Honorable Paul Papak
United States Magistrate Judge