IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCKY BIXBY, LAWRENCE ROBERTA,
SCOTT ASHBY, CHARLES ELLIS, MATTHEW
HADLEY, JESUS BRUNO, COLT CAMPREDON,
STEPHEN FOSTER, BYRON GREER, KELLY
HAFER, DENNIS JEWELL, STEPHEN
MUELLER, VITO PACHECO, JOHN RYDQUIST,
KEVIN STANGER, RONALD BJERKLUND,
ADANROLANDO GARCIA, BRIAN HEDIN,
CHARLES SEAMON, BERTHA HELMAN-SHUIT,
MATT KUHNEL, DENNIS ROSGEN, AARON
ST. CLAIR, KEVIN WILSON, JASON BLAIN,
JAMES BORJA, DEVON FIELDS, LESLIE ING,
RICHARD LAWRENCE, JAY LOUISIANA,
JAMES McGOWAN, DONALD YEARGIN, and
JASON ARNOLD,

       Plaintiffs,

                                       3:09-CV-632-PK

v.                                        OPINION AND
                                        ORDER

KBR, INC., and KELLOGG, BROWN & ROOT
SERVICES, INC.,

       Defendants.

PAPAK, Magistrate Judge:

       Plaintiffs Rocky Bixby, Lawrence Roberta, Scott Ashby, Charles Ellis, and Matthew Hadley filed this action against defendants KBR, Inc., Kellogg, Brown & Root Service, Inc., KBR Technical Services, Inc., Overseas Administration Services, Ltd., and Service Employees

Page 1 - OPINION AND ORDER

International, Inc. (collectively, the "KBR defendants" or the "defendants"), on June 8, 2009. On September 8, 2009, plaintiffs amended their complaint, adding Carlos Avalos, Jesus Bruno, Colt Campredon, Stephen Foster, Byron Greer, Kelly Hafer, Dennis Jewell, Stephen Mueller, Vito Pacheco, John Rydquist, and Kevin Stanger as additional plaintiffs. Plaintiffs amended their pleading a second time on February 2, 2010, adding Ronald Bjerklund, Adanrolando Garcia, Brian Hedin, Lewis Martin, and Charles Seamon as additional plaintiffs. On June 25, 2010, plaintiffs amended their complaint a third time, adding Randy Keiper, Matt Kuhnel, Dennis Rosgen, Aaron St. Clair, and Kevin Wilson as further additional plaintiffs. On October 27, 2010, plaintiffs amended their complaint a fourth time, adding Jason Blain, James Borja, Devin Fields, Leslie Ing, Richard Lawrence, Jay Louisiana, James McGowan, and Donald Yeargin as further additional plaintiffs, and adding Halliburton Company and Halliburton Energy Services, Inc. (collectively, the "Halliburton defendants"), as additional defendants. Plaintiffs amended their complaint a fifth time on January 10, 2011, adding as additional plaintiffs Jason Arnold, Thomas Barella, Daniel Grover, Christopher Wangelin, and Michael O'Rielly. Plaintiffs voluntarily dismissed Barella as a plaintiff in this action on the following day, January 11, 2011, and voluntarily dismissed Grover as a plaintiff in this action on February 25, 2011. On June 16, 2011, I recommended that the court dismiss the plaintiffs' claims to the extent alleged against the Halliburton defendants for lack of personal jurisdiction, and on July 20, 2011, Judge Hernandez adopted that recommendation as his own opinion. The parties stipulated to the dismissal of Avalos, Martin, and Wangelin as plaintiffs in this action, on December 16, 2011, and to the dismissal of O'Rielly as a plaintiff on April 4, 2012.

By and through their fifth amended complaint, plaintiffs alleged the KBR defendants'

liability for negligence and for fraud arising out of plaintiffs' exposure to sodium dichromate and subsequent hexavalent chromium poisoning while stationed as Oregon National Guardsmen in Iraq and assigned to duty at the Qarmat Ali water plant in May-September 2003. From October 9, 2012, through November 2, 2012, trial was held in this action on the claims alleged in plaintiffs' fifth amended complaint on behalf of plaintiffs Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair. The jury resolved the negligence claims in those plaintiffs' favor and the fraud claims in the defendants' favor, and awarded damages against the defendants in favor of each of the trial plaintiffs.

Effective December 21, 2012, plaintiffs amended their complaint a sixth time, substituting Bertha Helman-Shuit, personal representative of the estate of Randy Keiper, as a plaintiff in lieu of deceased plaintiff Keiper. The amendment otherwise effected no significant modification to plaintiffs' claims or to their allegations in support thereof.[1]

On May 10, 2013, I issued judgment pursuant to Federal Civil Procedure Rule 54(b) as to the claims brought on behalf of plaintiffs Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair. On May 20, 2013, defendants moved for this court's approval of a supersedeas bond to stay execution of the judgment against them pending resolution of their contemplated appeal from this court's judgment. On May 21, 2013, I granted defendants' unopposed motion, and on May 23, 2013, defendants posted their supersedeas bond in the amount of the damage award against them plus an additional amount

---

[1] Plaintiffs' sixth amended complaint continues to list dismissed plaintiffs Avalos, Martin, Barella, Grover, Wangelin, and O'Rielly as plaintiffs, and continues to state allegations in support of the claims formerly brought by those dismissed plaintiffs. I disregard all such references and allegations as presumptively erroneous and unintentional.

Page 3 - OPINION AND ORDER

representing post-judgment interest on such damages. On June 10, 2013, defendants filed notice of appeal from this court's Rule 54(b) judgment.

On June 8, 2015, the Ninth Circuit issued its mandate together with a memorandum opinion vacating this court's judgment for lack of personal jurisdiction over the defendants in this district, and remanding for further proceedings consistent with that decision.

Now before the court is defendants' motion (#762) for award of those of its appeals costs taxable under Federal Appellate Procedure Rule 39(e) in the district court, by and through which defendants seek to tax plaintiffs Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair, or their counsel, with costs in the amount of $841,162.45. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, defendants' motion for award of Rule 39(e) costs is denied.

## LEGAL STANDARD

Pursuant to Federal Appellate Procedure Rule 39, absent law to the contrary or a contrary indication by the court of appeals, following appeal from a judgment of a district court:

(1) if [the] appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) if [the] judgment is affirmed, costs are taxed against the appellant;

(3) **if [the] judgment is reversed, costs are taxed against the appellee;**

(4) **if [the] judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the [appellate] court orders.**

Fed. R. App. Pro. 39(a) (emphasis supplied). "A party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs." Fed. R. App. Pro. 39(d)(1).

Page 4 - OPINION AND ORDER

Where a party is entitled to taxation of appeals costs under Rule 39(a), the following costs are taxable for that party's benefit in the district court below:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

Fed. R. App. Pro. 39(e). All other taxable appeals costs are taxed in the circuit court.

Where the appeals court reverses the lower court's judgment in its entirety, the lower court is without discretion to decline to tax the appellant's Rule 39(e) costs against the appellee. *See* Fed. R. App. Pro. 39(a)(3); *see also, e.g., Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1196 (9th Cir. 2000) (holding that district court below committed reversible error by failing to award Rule 39(e) costs following the Ninth Circuit's full reversal of the district court's judgment). Similarly, where the appeals court reverses the district court's judgment only in part, modifies the district court's judgment, or vacates the district court's judgment, the court is without discretion to deviate from the appeals' court's order as to which Rule 39(e) costs are taxable following appeal, or to award such costs in the absence of an order to do so from the appeals court. *See* Fed. R. App. Pro. 39(a)(4); *see also, e.g., Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808-810 (8th Cir. 2007); *Golden Door Jewelry Creations v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1340-1341 (11th Cir. 1997); *Johnson v. Pacific Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989). The district courts enjoy discretion to consider whether Rule 39(e) costs should be awarded against an appellee only in the

circumstance where the appeals court expressly directs that the appellant's bill of costs be refiled in the district court. *See, e.g., Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 626-627 (8th Cir. 2003).

Once an appellant's entitlement to award of Rule 39(e) costs has been established, the district court has the discretion to make findings of fact as to whether the appellant's costs were actually paid and as to the reasonableness of such costs, and generally to fix the amount of costs to be taxed within the limits imposed by Rule 39(e). *See* Fed. R. App. Pro. 39(c); *see also, e.g., Johnson*, 878 F.2d at 298 (citations omitted).

## MATERIAL FACTS

On May 10, 2013, I entered a final, appealable judgment pursuant to Federal Civil Procedure Rule 54(b) as to the claims brought on behalf of plaintiffs Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair in the total amount of $81 million plus post-judgment interest. On May 20, 2013, defendants moved for the court's approval of a supersedeas bond in the amount of $81,178,200 in order to effect stay of execution on the judgment entered against them in this court. Plaintiffs did not oppose defendants' motion. On May 21, 2013, I granted defendants' motion, and on May 23, 2013, defendants posted their bond. Defendants appealed this court's judgment against them to the Ninth Circuit effective June 10, 2013.

On May 14, 2015, the Ninth Circuit issued a memorandum opinion finding that the court lacked personal jurisdiction over the KBR defendants. In the course of its unpublished memorandum opinion, the Ninth Circuit summarized its effect with the statement "We reverse and remand for further proceedings," concluded that under *Walden v. Fiore*, 134 S. Ct. 1115

Page 6 - OPINION AND ORDER

(2014), "which was decided while this case was pending on appeal," the defendants were "not subject to personal jurisdiction in Oregon for their actions in Iraq," and in consequence stated as follows: "We vacate the judgment and remand for proceedings consistent with [the court's] disposition." The memorandum opinion concluded with the closing words "**REVERSED AND REMANDED.** The defendants' motion for summary reversal is denied as moot."

On May 27, 2015, defendants filed a bill of costs with the circuit clerk of the Ninth Circuit. By and through that bill of costs, defendants sought award of $1,839.30 in costs taxable in the circuit court. Defendants' bill of costs was entirely silent as to costs defendants intended to pursue in the district court.

On June 8, 2015, the Ninth Circuit issued its formal mandate remanding the case to this court. The mandate of June 8, 2015, provided that the court's May 14, 2015, judgment took effect as of the date the mandate issued, and further provided that "Costs are taxed against plaintiff appellees in the amount of $1839.30." The Ninth Circuit's mandate, like defendants' bill of costs, was silent as to taxation of Rule 39(e) costs in the district court.

Subsequently, on June 22, 2015, defendants filed a second bill of costs in this court. By and through their bill of costs of June 22, 2015, defendants seek $841,162.45 in costs to be taxed against plaintiffs Arnold, Bixby, Bjerklund, Campredon, Ellis, Greer, Hadley, Hedin, Pacheco, Roberta, Seamon, and St. Clair or their counsel. Of that amount, $811,781.00 (or ~96.5% of the total) represents premiums paid on defendants' supersedeas bond during the pendency of defendants' appeal, $16,249.80 represents costs incurred in connection with obtaining the reporter's transcript of trial proceedings, $12,676.65 represents costs incurred in connection with preparation and transmission of proceedings before the district court, and $455.00 represents the

Page 7 - OPINION AND ORDER

fee for filing notice of appeal.

## ANALYSIS

The parties vigorously dispute defendants' entitlement to award of their Rule 39(e) costs. The parties' initial and most critical disagreement pertains to the nature of the Ninth Circuit's disposition of defendants' appeal – specifically, whether the circuit court's disposition constituted full reversal or vacatur of this court's judgment – and therefore to whether defendants' motion for award of costs is governed by Federal Appellate Procedure Rule 39(a)(3) (applicable if the disposition is properly characterized as a full reversal) or 39(a)(4) (applicable if the disposition is properly characterized as vacatur, as modification, or as reversal only in part). As noted above, the Ninth Circuit used both the terminology of reversal and the terminology of vacatur in drafting its memorandum opinion.

In *Rio Props., Inc. v. Stewart Annoyances, Ltd.*, Case No. CV-S-01-0459-LRH (PAL), 2004 U.S. Dist. LEXIS 26196 (D. Nev. Dec. 21, 2004), an unpublished disposition, the court for the District of Nevada considered a motion for award of Rule 39(e) costs incurred in connection with two separate appeals arising out of the same proceedings. Because the Ninth Circuit's two opinions issued in connection with those appeals were "summarized by the closing words, "REVERSED AND REMANDED" and "REVERSED," respectively," the defendant/ former appellant argued that its entitlement to costs was governed by Rule 39(a)(3). *Rio Props.*, 2004 U.S. Dist. LEXIS 26196 at *6. The court addressed the defendant/former appellant's argument as follows:

> The argument appears to be that, regardless of the analysis and decision provided in the body of the opinion, any district court determining whether the costs of appeal are taxable should merely consider the summation provided in the

> concluding words of the opinion.
>
> This Court is reluctant to impose such a simplistic and exacting rule absent any supporting legal authority. To the contrary, several cases suggest that it is within a court's discretion to determine the relief available to the parties based on a reasonable interpretation of the relevant order or opinion. *See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1340 (11th Cir. 1997); *Certain Underwriters at Lloyds London v. Oryx Energy Co.*, 25 F. Supp. 2d 769, 770 (S.D.Tex. 1998) (noting that where there is no complete reversal, under Rule 39(a), the district court has discretion in taxing costs only if the appellate court did not specifically order costs on appeal taxable to one party); *Wal-Mart Stores, Inc. v. Crist*, 123 F.R.D. 590, 593 (W.D.Ark. 1988) (finding that the appellate court's words "we reverse the decision of the district court with respect to [Defendant's] counterclaim," was likely only a reversal in part, since only disposition of the counterclaim was mentioned). Moreover, it does not escape this Court's notice that, were form to be exalted over substance in the manner propounded by Defendants, an error or considerable over-simplification of the order, contained in the final concluding lines, could work an unintended injustice on the parties.
>
> Therefore, the Court finds that it is more reasonable to consider the body of an appellate opinion in order to determine whether it reverses or affirms a district court order.

*Id.* at *6-7 (modification original). The court analyzed the Ninth Circuit's opinion and determined that, notwithstanding its closing words, it constituted in fact a reversal only in part, such that the defendant/former appellant's motion for costs was governed by Rule 39(a)(4). *Id.* at *7-8. Because the Ninth Circuit's mandate did not contain any direction as to Rule 39(e) costs, the court determined that under Rule 39(a)(4) it was without discretion to award such costs, and on that basis denied the defendant's motion. *Id.* at *8; *see also id.* at *8-10. It does not appear that the issue of Rule 39(e) costs was raised in subsequent appeal litigation in connection with the same proceedings. *See Rio Props. v. Armstrong Hirsch Jackoway Tyerman & Wertheimer*, 254 Fed. Appx. 600 (9th Cir. 2007) (unpublished disposition).

I agree with the persuasive reasoning of the *Rio Props.* district court that determination of

the nature of an appeals court's disposition cannot be gleaned on the sole basis of the disposition's formulaic closing words. To the contrary, whether a disposition constitutes full reversal or vacatur, modification, or reversal only in part depends not on its closing words or any shorthand summary thereof but rather on the disposition's effect and on its operative language.

Here, as noted above, the Ninth Circuit summarized the effect of its disposition with the statement "We reverse and remand for further proceedings," expressed the conclusion of its analysis of the operative facts and applicable law with the statement "We vacate the judgment and remand for proceedings consistent with [the court's] disposition," and closed its memorandum opinion with the words "**REVERSED AND REMANDED.** The defendants' motion for summary reversal is denied as moot." It thus appears that the circuit performed both the operation of reversal and the operation of vacatur by and through its disposition of defendants' appeal. The material question for purposes of Rule 39(a), of course, is which of these operations was applied to this court's *judgment*. *See* Fed. R. App. Pro. 39(a)(1)-(4).

Both the plain language of the Ninth Circuit's memorandum opinion and analysis of its actual effect suggest the same conclusion: the circuit reversed this court's order finding that it could properly exercise personal jurisdiction over the KBR defendants in this district and, in consequence, vacated this court's judgment regarding the merits of the trial plaintiffs' claims. As to the plain language of the circuit's memorandum opinion,[2] it expressly indicates that the circuit

---

[2] Defendants take the position that this court ought not rely in any degree on the plain language of the Ninth Circuit's opinion, in that the Ninth Circuit has at least once used the terms vacatur and reversal apparently interchangeably. *See, e.g., Harper House, Inc. v. Thomas Nelson, Inc.*, Case Nos. 91-55426, 91-55550, 91-55774, 1993 U.S. App. LEXIS 23390, *2, *9 (9th Cir. Sept. 10, 1993) ("In *Harper House I*, we vacated a verdict and judgment in favor of the plaintiff. . . . After we reversed and remanded in *Harper House I*, defendants . . . applied for taxation of their costs on appeal . . .") (unpublished disposition). However, I do not find that the

Page 10 - OPINION AND ORDER

"vacate[d] the judgment" entered by this court, and never expressly or impliedly indicates that either of its two uses of the verb "reverse" applies to this court's "judgment." Moreover, as to the effect of the circuit's disposition, it is clear that the effect was in part to *reverse* this court's *order* finding personal jurisdiction over the KBR defendants in this district and in remaining part to *vacate* this court's *judgment* entered in favor of the trial plaintiffs on the sole ground that such judgment was improvidently entered in the absence of such personal jurisdiction. *See, e,g., MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("If a district court grants summary judgment in a case over which it does not have . . . jurisdiction, the court of appeals must vacate the judgment. . ."); *Orff v. United States*, 358 F.3d 1137, 1149-1150 (9th Cir. 2004) (holding that, because the district court lacked jurisdiction "at the outset," the court's "rulings on the merits . . . were nullities" that the appeals court "must vacate") (citations omitted); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (appeals court "must vacate" district court's disposition where entered notwithstanding the absence of jurisdiction); *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983) ("an appellate court affirming the conclusion that jurisdiction is lacking should vacate the summary judgment and remand for entry of judgment of dismissal"); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011) ("any decision on the merits must be vacated" where such decision was entered notwithstanding lack of jurisdiction); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (expressly vacating district court's judgment "[f]or th[e] reason" that judgment was entered

---

use of language in *Harper House* provides grounds for wholesale disregard of the Ninth Circuit's terminology choices; moreover, the fact that plain language can sometimes give rise to inadvertent ambiguity is precisely the reason it is advisable to look both to the operative language of the Ninth Circuit's opinion and to its legal effect rather than merely to formulaic diction in determining whether a judgment was vacated or reversed.

Page 11 - OPINION AND ORDER

improvidently notwithstanding lack of personal jurisdiction over the defendant, and remanding with instructions to dismiss for lack of personal jurisdiction); *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 759, 762 (9th Cir. 1990) (*per curiam*) (expressly "vacat[ing] the judgment below because the district court lacked personal jurisdiction over defendants-appellants"); *Fine v. Cambridge Int'l Sys.*, 584 Fed. Appx. 695, 695-696 (9th Cir. 2014) (reversing that portion of a district court's judgment that was erroneous on the merits and vacating that portion of the court's judgment regarding personal jurisdiction that issued improvidently but was not otherwise found erroneous) (unpublished disposition). Because the Ninth Circuit vacated this court's judgment on appeal, defendants' motion for Rule 39(e) costs is necessarily governed by Rule 39(a)(4).[3]

As noted above, under Rule 39(a)(4), this court is without discretion to award Rule 39(e) costs[4] in the absence of an express direction by the circuit to do so, *see Reeder- Simco*, 497 F.3d

---

[3] Defendants take the position that the Ninth Circuit cannot have reversed this court's personal-jurisdiction order because that order was not this court's final judgment, and only this court's final judgment was appealed to the Ninth Circuit (*see* 28 U.S.C. § 1291). Defendants argue that, therefore, the Ninth Circuit lacked jurisdiction to reverse this court's personal-jurisdiction order, and therefore must necessarily have reversed only this court's judgment (notwithstanding that it omitted to say so, and instead referred expressly to the judgment only in terms of vacatur). However, because the defendants' "appeal from th[is court's] final judgment draws in question all earlier non-final orders and all rulings which produced the judgment," *Munoz v. Small Business Administration*, 644 F.2d 1361, 1364 (9th Cir. 1981), *see also, e.g., Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897-898 (9th Cir. 2001) (a court's interlocutory orders "merge into th[e court's] final judgment" for purposes of appeal), it is clear that this court's personal-jurisdiction order was within the Ninth Circuit's jurisdiction to reverse.

[4] Defendants take the position that to fail to award them the Rule 39(e) costs at issue here would contravene the legislative purpose always to award all costs incurred by a party prevailing on appeal that purportedly underlies Federal Appellate Procedure Rule 39. However, the codification of Rule 39 clearly establishes a legislative purpose to award costs incurred by a party prevailing through vacatur, rather than full reversal, of a district court's judgment only as

at 808-810; *Golden Door*, 117 F.3d at 1340-1341; *Johnson*, 878 F.2d at 298; *Std. Concrete Prods. v. Gen. Truck Drivers Union Local 952*, 175 Fed. Appx. 932, 933 (9th Cir. 2006) (unpublished disposition); or of an affirmative delegation of such discretion by the circuit court, *see Emmenegger*, 324 F.3d at 626-627.

> A party who wants appellate costs taxed must file an itemized and verified bill of costs with the appeals court clerk within 14 days of entry of judgment. *See* [Federal Appellate Procedure] Rule 39(d)(1). **As a necessary consequence of the interplay between [Federal Appellate Procedure] Rules 39(a)(4) and 39(e), when a judgment is . . . vacated . . . on appeal, an appellant seeking to shift supersedeas bond premiums to the appellee must file a timely bill of costs in the appeals court.** Assuming the court's mandate orders payment of those costs, they are taxable in the district court. Alternatively, if the appeals court directs that the bill be refiled in the district court, that court has discretion to order payment of those costs by the appellee.

Don Zupanec, *Costs on Appeal – Bond Premiums – Procedure*, 22 No. 10 Federal Litigator 16 (2007) (emphasis supplied).

It is undisputed that, although defendants filed a timely bill of costs in the Ninth Circuit following issuance of the Ninth Circuit's judgment on appeal, that bill of costs referenced no items corresponding to any of the costs defendants now seek in this court. It is further undisputed that the Ninth Circuit's mandate contains no direction that this court should award defendants their Section 39(e) costs taxable in this court in addition to those costs awarded in the circuit. In consequence of defendants' failure to seek the Ninth Circuit's approval of Rule 39(e) costs taxable in this court within the time allowed for so doing, this court is without discretion to grant defendants' motion. Defendants' motion is therefore denied, and defendants shall bear their own costs on appeal except as was directed by the Ninth Circuit by and through its mandate of

---

expressly directed by the court of appeals, and not, as defendants assert, in all cases without exception.

June 8, 2015.

## CONCLUSION

For the reasons set forth above, defendants' motion (#762) for award of its appeals costs taxable in this court is denied.

Dated this 2nd day of September, 2015.

_____
Honorable Paul Papak
United States Magistrate Judge