IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Mark McManaway, et al., | § | |
|     Plaintiffs, | § | |
| vs. | § | Civil Action No. 4:10-cv-01044 |
| KBR, Inc., et al., | § | |
|     Defendants. | § | |

and

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| Rocky Bixby, et al., | § | |
|     Plaintiffs, | § | |
| vs. | § | Civil Action No. 3:09-cv-632-PK |
| KBR, Inc., et al., | § | |
|     Defendants. | § | |

Stipulation Regarding the Dismissal of *Bixby*

In anticipation of the *Bixby* court's impending dismissal or transfer of the *Bixby* case to the United States District Court for the Southern District of Texas, the KBR defendants, the *Bixby* plaintiffs, and the *McManaway* plaintiffs have met and conferred about the matters at issue below. The parties agree and stipulate as follows:

1. Within five days of the date of this stipulation, the current *Bixby* plaintiffs will dismiss without prejudice this *Bixby* case. Within five days of dismissal, these same current *Bixby* plaintiffs (without the addition of any new plaintiffs) will refile the case in the United States District Court for the Southern District of Texas, Houston Division, where the related case of *McManaway, et al. v. KBR, Inc., et al.,* Civil Action No. 4:1-cv-01044 is pending before Judge Gilmore. The parties jointly will ask that the case be assigned to Judge Gilmore and jointly will ask the court to consolidate the *Bixby* case (and the claims

of all approximately 33 *Bixby* plaintiffs) with the *McManaway* case pending before Judge Gilmore.

2. The former *Bixby* plaintiffs' refiled Complaint will be substantively identical to their most recent Complaint in the *Bixby* case except that plaintiffs may add an IIED claim substantively identical to the IIED claim in the most recent Complaint in *McManaway*. The parties acknowledge that the *McManaway* court has granted summary judgment against all plaintiffs' causes of action except for IIED, and a summary judgment motion is pending as to that claim.

3. The following *McManaway* court's opinions and orders shall apply equally and fully to the *Bixby* plaintiffs and their to-be-filed Complaint as if they had been before the *McManaway* court at the time the orders were issued. This is not an exclusive list, and other opinions and orders issued in *McManaway* also shall apply equally and fully to the *Bixby* plaintiffs.

   a. Order Denying Motion to Exclude Zanetti, Doc. No. 212

   b. Order Denying Motion to Exclude Beck, Doc. No. 219

   c. Order Granting in Part and Denying in Part Motion to Exclude Carson, Doc. No. 257

   d. Order Granting in Part and Denying in Part Motion to Exclude Carson, Doc. No. 262

   e. Order Denying Motion for Default, Doc. No. 361

   f. Order Denying Motion for Leave to Designate Responsible Third Parties, Doc. No. 362;

   g. Order Granting Motion to Dismiss Single Business Enterprise Claim, Doc. No. 374

   h. Order Granting Motion for Summary Judgment re Alter Ego and Single Business Enterprise Claim, Doc. No. 375

   i. Order Denying FRCP 12(b)(1) and 12(b)(6) Motion to Dismiss, Doc. No.

392;

j. Order Granting Motion for Partial Summary Judgment, Doc. No. 396;

k. Order Denying Motion for Summary Judgment on the Statute of Limitations, Doc. No. 397;

l. Order Granting in Part and Denying in Part Motion for Summary Judgment re Fraud, Negligence and Gross Negligence, Doc. No. 398;

m. Order Denying Motion to Exclude Tarr and Gibb; Doc. No. 402;

n. Order Granting in Part and Denying in Part Motion to Exclude Carson, Doc. No. 403;

o. Order Denying Motion for Summary Judgment Without Prejudice, Doc. No. 409;

p. Order Denying Motions for Summary Judgment Without Prejudice, Doc. No. 418;

q. Order Granting in Part and Denying in Part Motion for Summary Judgment re Causation, Doc. No. 442;

r. Order Granting KBR's Motion for Summary Judgment re Mental Anguish, Medical Monitoring, and GTI, Doc. No. 443;

s. Order Granting in Part and Denying in Part Motion for Summary Judgment as to Gentry and Moore, Doc. No. 444;

t. Order Denying as Moot Motion for Leave, Doc. No. 445; and

u. Order Denying Motion to Apply Federal Common Law and Denying Motion to Reconsider, Doc. No. 461.

v. This list of opinions and orders does not prejudice or foreclose a party from asserting that another, unlisted *McManaway* opinion or order also is applicable to the *Bixby* plaintiffs.

4. Plaintiffs represent that *McManaway* plaintiff Scott Wyatt has died and, as a result, plaintiffs may substitute Wyatt's estate and wrongful death survivors as parties in their Eighth Amended Complaint and assert their claims therein.

5. The evidentiary record and all fact and expert discovery is closed and complete in both cases, and the trial transcript in *Bixby* is available for use by the parties in the refiled case.

6. If the United States Court of Appeals for the Ninth Circuit remands the FRCP 39(e) costs appeal recently docketed as Case No. 15-35702, the parties agree that, should the Ninth Circuit order remand, the remand should be to the United States District Court for the District of Oregon.

7. The statute of limitations on the *Bixby* plaintiffs' claims runs only up to the date of filing their claims in the *Bixby* case, and the dismissal and refiling noted above does not impact KBR's existing statute of limitations defenses.

8. This stipulation modifies and controls over the parties' June 18, 2015 stipulation (Doc. 460-1) to the extent they are inconsistent.

Dated: September 10, 2015

Respectfully submitted,

| Counsel for the KBR defendants: | Counsel for the *Bixby* plaintiffs: | Counsel for the *McManaway* plaintiffs: |
|---|---|---|
| /s/ *Geoffrey L. Harrison* <br> Geoffrey L. Harrison <br> gharrison@susmangodfrey.com <br> SUSMAN GODFREY L.L.P. <br> 1000 Louisiana Street, Ste 5100 <br> Houston, Texas 77002-5096 <br><br> Warren W. Harris <br> warren.harris@bgllp.com <br> BRACEWELL & GIULIANI LLP <br> 711 Louisiana Street, Ste 2300 <br> Houston, Texas 77002-2770 <br><br> Kurt J. Hamrock <br> khamrock@cov.com <br> COVINGTON & BURLING LLP <br> One City Center <br> 850 10th St. NW <br> Washington, D.C. 20001 | /s/ *Gabriel A. Hawkins* <br> Gabriel A. Hawkins <br> ghawkins@cohenandmalad.com <br> COHEN & MALAD, LLP <br> One Indiana Square, Ste 1400 <br> Indianapolis, Indiana 46204 <br><br> Michael P. Doyle <br> mdoyle@doylelawfirm.com <br> DOYLE LLP <br> 2402 Dunlavy Street, Ste 200 <br> Houston, Texas 77006 <br><br> David F. Sugerman <br> david@davidsugerman.com <br> DAVID F. SUGERMAN ATTORNEY, PC <br> 707 SW Washington Street, Ste 600 <br> Portland, OR 97205 | /s/ *Gabriel A. Hawkins* <br> Gabriel A. Hawkins <br> ghawkins@cohenandmalad.com <br> COHEN & MALAD, LLP <br> One Indiana Square, Ste 1400 <br> Indianapolis, Indiana 46204 <br><br> Michael P. Doyle <br> mdoyle@doylelawfirm.com <br> DOYLE LLP <br> 2402 Dunlavy Street, Ste 200 <br> Houston, Texas 77006 <br><br> Christopher D. Lee <br> clee@woodmclaw.com <br> KAHN, DEES, DONOVAN & KAHN, LLP <br> 501 Main Street, Ste 305 <br> Post Office Box 3646 <br> Evansville, Indiana 47735-3646 |

<u>Certificate of Service</u>

I certify that on September 10, 2015, this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

                                               <u>/s/ *Geoffrey L. Harrison*</u>
                                               Geoffrey L. Harrison